Dennis A. WALTERS, Jr., Plaintiff,

v.

CITY OF ATLANTA, et al., Defendants.

Civ. A. No. C83–1432A.

United States District Court,
N.D. Georgia,
Atlanta Division.

May 28, 1985.

Dana E. McDonald, Atlanta, Ga., for plaintiff.

---

Kendric E. Smith, Marva Jones Brooks, Overtis Hicks Coopwood, Atlanta, Ga., for defendants.

## ORDER ON MOTION FOR INTERVENTION

SHOOB, District Judge.

This case concerns discrimination in employment on the basis of race and in retaliation for the filing of charges of discrimination and of this lawsuit. A jury found that defendants had violated 42 U.S.C. § 1981 by discriminating against plaintiff in his application to be Director of the Atlanta Cyclorama on account of his race. Serving in an advisory capacity, the jury also found several instances of racial and retaliatory discrimination [1] by defendant City of Atlanta in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.; the Court, relying largely upon the jury's advisory verdict, announced at the conclusion of the liability phase of the trial its verdict in favor of plaintiff on the Title VII claims.

On April 4, 1985, the Court announced that it would require defendant City of Atlanta to employ plaintiff in the position from which he was illegally excluded, namely as Director of the Atlanta Cyclorama. On May 17, 1985, Ms. Carole Mumford, who presently serves as Director, moved to intervene and for reconsideration of the Court's announced decision to install plaintiff in her post. The Court held a hearing on the motion to intervene on May 21, 1985, at which time both the intervention issue and the merits of the prospective intervenor's claim were addressed.

The Court will deny the motion to intervene for the reasons stated below.

Ms. Mumford moved for intervention as of right under Rule 24(a), Fed.R.Civ.P., or, in the alternative, for permissive intervention under Rule 24(b). The Court considers her claim to be stronger under Rule 24(a); but in either case intervention is unwarranted because Ms. Mumford's application was untimely, because her interests were vigorously defended by existing parties, and because the Court's determination would have been identical had she been a party.

■ Ms. Mumford's motion to intervene was filed on May 17, 1985, forty-three days after the Court's announcement, on April 4, 1985, that it would place plaintiff in Ms. Mumford's position. A forty-three-day delay alone would not cause the Court to find her application to be untimely; but coming, as it did, after a verdict and very shortly before entry of judgment, the delay was prejudicial and therefore untimely. See Annotation, *Timeliness of Application for Intervention as of Right under Rule 24(a) of Federal Rules of Civil Procedure*, 57 A.L.R.Fed. 150 (1982).

Nor was April 4, 1985, the first time that Ms. Mumford knew or should have known that she had an interest in the proceeding. This action has been pending since before Ms. Mumford applied for and obtained the position she now holds. During her tenure as Director of the Cyclorama, she knew of a pending lawsuit over her position. She was invited to, and did attend, a conference with city attorneys and city officials concerning the status of the case prior to the two-week trial. City lawyers informed her of the plaintiff's prayer for relief, which included a request to be installed as Director of the Cyclorama, but she relied upon a prediction of the City's attorney handling the case that the Court was unlikely to order plaintiff placed in her job. Further, Ms. Mumford was aware that a hearing would occur on the instatement question. In sum, Ms. Mumford knew that replacement was an issue in the case but was not a likely outcome. Only when an adverse outcome actually ensued did she become involved in the case.

Those facts cannot support a finding that Ms. Mumford's application for intervention was timely. Otherwise, any potentially af-

---

1. One instance of retaliatory discrimination consisted in the selection of the present Director and Associate Director over plaintiff.

fected party could stand back as long as favorable disposition of the case looked predictable, only to seek leave to participate when the case was already lost.

██ Furthermore, Ms. Mumford's interests were vigorously and skillfully defended by the City during the two-week trial, during which time substantial evidence was introduced about her capability and her excellent performance as Director. At the hearing on the motion to intervene, the City's lawyer stated that he had not conducted the trial with Ms. Mumford's personal interest in mind. Nevertheless, the City's excellently conducted, if unsuccessful, opposition to the placement of plaintiff in Ms. Mumford's post more than satisfactorily represented Ms. Mumford's interest.

In addition, even had Ms. Mumford participated in the case, the Court's finding would have been the same. Although Ms. Mumford cited one case from the old Fifth Circuit stating that "bumping" an incumbent from a position was not appropriate, that case does not foreclose the placement of a successful plaintiff in a position that was vacant at the time suit was filed, as in this case. Furthermore, that case did not involve a claim of disparate treatment like the one here. Nor did it involve the "bumping" of an incumbent hired after the lawsuit was instituted who had reason to know of the lawsuit.

> On the other hand, Title VII
>
> vest[s] broad equitable discretion in the federal courts to 'order such affirmative action as may be appropriate, which may include, but is not limited to, reinstatement or *hiring of employees*, with or without back pay ..., or any other equitable relief as the court deems appropriate.

*Franks v. Bowman Transportation Co.*, 424 U.S. 747, 763, 96 S.Ct. 1251, 1263–1264, 47 L.Ed.2d 444 (1976), *quoted in Darnell v. City of Jasper*, 730 F.2d 653 (11th Cir.1984) (emphasis added). The Eleventh Circuit has established a rule of presumptive reinstatement. *See Darnell*, 730 F.2d at 655; *Allen v. Autauga County Board of Education*, 685 F.2d 1302, 1305 (11th Cir.1982).

And, as the Eleventh Circuit recently observed,

> It is the duty of the district court, after a finding of discrimination, to place the injured party in the position he or she would have been absent the discriminatory actions.

*Nord v. United States Steel Corp.*, 758 F.2d 1462, 1470–71, (11th Cir.1985). Only by placing plaintiff in the position from which he has long been illegally excluded can the Court fulfill that duty.

The Court agrees with all parties that the decision on placement involves a balancing of equitable interests. Ms. Mumford argues that her very successful 18–month tenure as Cyclorama Director, her abandonment of a long career with the Urban League in order to obtain this position, and her supervision of a number of important projects now underway give her a strong claim to the job. She also points out that she was an innocent party and was not the beneficiary of any decision that involved racial discrimination.

On the other hand, Mr. Walters has been illegally barred from his job as Cyclorama Director since 1981, long before Ms. Mumford became Director. Evidence at trial showed that he reasonably forsook other employment in anticipation of becoming Director of the Cyclorama. Also, Mr. Walters proved that the decision to hire Ms. Mumford, while not racially motivated, constituted illegal retaliation against him for his Title VII charges and suit; as a consequence, Ms. Mumford *was* the beneficiary of illegal action on the part of the City. Finally, Ms. Mumford made it clear that the City has offered her a lateral move within the City civil service if her job is awarded to Mr. Walters; Mr. Walters has never been accorded such consideration.

After carefully evaluating the merits of the arguments put forth by Ms. Mumford, the Court's conclusion remains that equity requires that Mr. Walters have the job. As a practical matter Ms. Mumford's ability to protect her interest has not been impaired.

Because Ms. Mumford's application for leave to intervene was untimely, because her interests were vigorously and skilfully defended by the City of Atlanta, and because, in light of the Court's findings, as a practical matter her ability to protect her interest was not impaired by her absence, the Court DENIES Carole Mumford's application for leave to intervene and for reconsideration.[2]

**Dennis A. WALTERS, Jr., Plaintiff,**

v.

**CITY OF ATLANTA, et al., Defendants.**

**Civ. A. C83–1432A.**

United States District Court,
N.D. Georgia,
Atlanta Division.

May 28, 1985.

Dana E. McDonald, Atlanta, Ga., for plaintiff.

Kendric E. Smith, Marva Jones Brooks, Overtis Hicks Coopwood, Atlanta, Ga., for defendants.

---

2. The Court recognizes the awkwardness created by the remedy imposed by the Court as a result of defendant City of Atlanta's racially discriminatory and retaliatory actions, and it desires to minimize any disruption in function of the Cyclorama. The Court observes that the City, in resisting placement of Mr. Walters, was willing to incur costs of "front pay" equal to the economic value of the salary and benefits of the Cyclorama Director, presumably while continuing to employ a Director and Associate Director. Because the City appeared willing to pay three salaries for the work of two employees, the City may prefer not to move Ms. Mumford from the Cyclorama but might, instead, retain her in an associate capacity in order to utilize her proven expertise in promotion and public relations and to forestall possible future litigation. This suggestion is, of course, not mandatory.