STATE OF VERMONT

SUPERIOR COURT                                         ENVIRONMENTAL DIVISION
                                                       Docket No. 76-7-19 Vtec and
                                                       Docket No. 151-11-17 Vtec.

---

| Snowstone, LLC Stormwater Discharge Appeal |
|---|

## ENTRY REGARDING MOTION

Docket No. 151-11-17 Vtec (Appeal from Jurisdictional Opinion No. 2-308) and

Docket No. 76-7-19 Vtec (Appeal from ANR Authorization to Discharge under MSG Permit)

Title:          Motion to Intervene (Motion 6)

Filer:          Justin and Maureen Savage

Attorney:       David R. Cooper

Filed Date:     January 6, 2020

Response in Opposition on 01/21/2020 by Attorney Merrill E. Bent for Appellant Neighbors

**The motion is GRANTED.**

Justin and Maureen Savage ("Landowners") are the owners of a 176± acre parcel upon which Snowstone, LLC ("Snowstone") proposes to conduct dimensional stone extraction operations on a 0.93-acre portion of Landowner's property. The Landowners had not previously participated in prior litigation concerning Snowstone's proposed operations, other than Mr. Savage having been called as a witness in a merits hearing on a related Act 250 jurisdictional opinion appeal. See In re Snowstone Act 250 jurisdictional Opinion Appeal, Docket No. 151-11-17 Vtec, Revised Bifurcated Merits Decision (Vt. Super. Ct. Envtl. Div. Feb 21, 2019)(Durkin, J.). It is not disputed that they own the property which Snowstone proposes to acquire rights to a 0.93± acre portion to conduct its proposed extraction operations.

Owners of land upon which development is proposed are "parties by right," as that term is defined by statute. 10 V.S.A. § 8502(5)(A). Landowners retain that status even when they are not the entity that is proposing development of their land. Id.; see also Devonwood Investors, LLC 75 Cherry Street, No. 39-4-17 Vtec, slip op. at 5–6 (Vt. Super. Ct. Envtl. Div. June 22, 2017) (Walsh, J.) ("The purpose of including a non-applicant landowner on an application is to "ensure that the landowner, who has a substantial interest in his or her property, supports the proposed use of the property.") (citing In re Southern Vermont Beagle Club, No. 142-9-11 Vtec, slip op. at 10 (Vt. Super. Ct. Envtl. Div. Jan. 17, 2013) (Walsh, J.)). Therefore, a party by right is entitled in intervene in litigation before this Court. 10 V.S.A. § 8504(n)(2).

Under Vermont Rules of Civil Procedure 24(a), intervention must be timely.  V.R.E.C.P. 24(a); V.R.E.C.P 3; see also Ernst v. Rocky Road, Inc., 141 Vt. 637, 639–40 (1982) (stating that the trial court has discretion to deny intervention where the motion is untimely).  When considering timeliness, the Court considers "possible harm to [appellants]; power to have sought intervention at an earlier stage; progress of the case; and the availability of other means to join the case." Shahi v. Madden, 2010 VT 56, ¶ 10, 188 Vt. 142 (citing 171234 Can. Inc. v. AHA Water Coop., 2008 VT 115, ¶ 19, 184 Vt. 633 (mem.)).

Here, the neighbors ("Neighbors")[1] have participated in the jurisdictional opinion appeal (Docket No. 151-11-17 Vtec) as Interested Persons and have filed a timely appeal from the MSG Permit Authorization (Docket No. 76-7-19 Vtec).  Neighbors assert that the Landowners' motion to intervene is untimely and should therefore be denied.  In support of this, Neighbors contend that Landowners had prior opportunity to join, availed themselves of other means of participation, and that the motion to intervene demonstrates harm to Appellants on its face.

Given the particular circumstances present here, the Court is inclined to allow Landowners' intervention.  While the Court recognizes the motion to intervene comes more than two years after Landowners signed the revised contract to sell a 0.93-acre portion of their land to Snowstone, a more complete depiction of the procedural history clearly indicates Landowners' intervention is purely reactionary and limited, such that progress of the case is not affected. Landowners did not seek to intervene in these coordinated appeals until after Neighbors sought an order from this Court to conduct another site visit.  The Neighbors now seek permission to not only again visit the site of Snowstone's proposed dimensional stone extraction operation (a 0.93-acre portion of Landowners' property), but also to visit some of Landowners' remaining lands, the total size of which is 176 acres.  Appellant's Motion for Limited Site Visit at 1, filed Oct. 17, 2019.  After Neighbors sought this order authorizing an inspection of Landowners' adjacent lands, Landowners sought to intervene as parties in these coordinated appeals.  Landowner's Motion to Intervene, filed Jan. 6, 2020.

With this more complete addition to the procedural history of these appeals, we conclude that Landowners' motion to intervene has been made on a timely basis.  It is apparent to the Court that Landowners would rather not participate in this extended litigation between Neighbors and Snowstone, but that Neighbors insistence that they be authorized to conduct further inspection of Landowners' property necessitated Landowners intervention in these appeals.  See Shahi v. Madden, 2010 VT 56, ¶ 11 (holding that a motion to intervene filed, years after the party was aware of the litigation, was timely when intervention did not slow the proceeding and was limited to "property interests.").  Moreover, the motion to intervene does not raise novel concerns, which would require revisiting previously litigated issues, nor does it challenge this case's progress by upsetting settlement discussions or prior judgements.  See Walters v. City of Atlanta, 610 F.Supp. 730, 731–32 (D.Ga.1985) (holding that an attempt to

---

[1] The Neighbors who submitted the above-captioned appeal are: Michael Harrington, Bruce and Linda Watson, Izzet and Sandy Haci, Kim and James Bergeron, Paul Hogan, Maryellen and James Wichelhaus, Ellen and Edward Beatty, Kevin and Ann Brown, Kern and Svetlana Phillips, Judy and Dan Massey, Joe Calzone, and Teresa Harrington.

intervene after judgment was untimely when "any potentially affected party could stand back as long as favorable disposition of the case looked predictable, only to seek leave to participate when the case was already lost"); see also 171234 Canada Inc. v. AHA Water Co-op., Inc., 2008 VT 115, ¶ 20, 184 Vt. 633 (stating that a party untimely intervened when it waited to intervene until after the Court had granted summary judgement against the party's interest); State v. Quiros, 2019 VT 68, ¶ 19 (indicating that an intervention by a nonparty was untimely "as settlement talks had progressed to the point that agreements between the parties, disposing of this case, were imminent"). Therefore, we conclude that Landowners' motion to intervene is timely.

For all these reasons, the Landowners' motion to intervene in both of these pending appeals is **GRANTED**.

**So Ordered.**

Electronically signed on January 28, 2020 at Burlington, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Superior Judge
Environmental Division

Notifications:

Merrill E. Bent (ERN 5013), Attorney for Appellants Michael Harrington, Bruce and Linda Watson, Izzet and Sandy Haci, James and Kim Bergeron, Paul Hogan, James and Maryellen Wichelhaus, Edward and Ellen Beatty, Kevin and Ann Brown, Kern and Svetlana Phillips, Daniel and Judy Massey, Joseph Calzone, and Teresa Harrington

Lawrence G. Slason (ERN 2443), Attorney for Appellee/Applicant Snowstone, LLC

Gregory J. Boulbol (ERN 1712), Attorney for the Vermont Natural Resources Board

Elizabeth Lord, Attorney for the Vt. Agency of Natural Resources (FYI Purposes Only)

David R. Cooper (ERN 4756), Attorney for Petitioners to Intervene Justin and Maureen Savage