Henry Keith STERZING, Plaintiff-Appellant,

v.

FORT BEND INDEPENDENT SCHOOL DISTRICT, FORT BEND, TEXAS, et al., Defendants-Appellees, and

Roy Kelly, Individually, Defendant-Appellee.

No. 72-3180.

United States Court of Appeals, Fifth Circuit.

June 24, 1974.

Leonard J. Schwartz, American Civ. Liberties Union of Ohio Foundation, Columbus, Ohio, George A. Rigely, San Antonio, Tex., Darryl J. Anderson, Michael H. Gottesman, George H. Cohen, Washington, D. C., Clyde Stanley Boose, Houston, Tex., Jeremiah S. Gutman, New York City, for plaintiff-appellant.

John L. Jeffers, Jr., John F. Heard, Houston, Tex., for Fort Bend and others.

Logene L. Foster, Sugarland, Tex., for Kelly.

Before BROWN, Chief Judge, and COLEMAN and DYER, Circuit Judges.

PER CURIAM:

In a very detailed opinion[1] the District Court found that Appellant Sterzing's First and Fourteenth Amendment rights were violated when he was discharged from his position as a school teacher with the Fort Bend Independent School District.[2] As remedy the Court ordered the school district to expunge from its records all references to Sterzing's discharge and awarded him $20,000.00 in general damages and $5,000.00 for attorney's fees. The Court denied Sterzing's request for reinstatement as a teacher with the Fort Bend Independent School District on the grounds that his reinstatement would only revive antagonisms and that the award of monetary damages compensated Sterzing for his expectancy of reemployment. Sterzing brought this appeal solely to challenge the Court's denial of his request for reinstatement. The school district defendants filed notice of cross-appeal but subsequently abandoned their appeal. Since we find that the District Judge based his denial of reinstatement on an incorrect legal standard we vacate the judgment and remand for reconsideration of the issue of remedy.

The District Judge based his holding that Sterzing's First Amendment rights were violated on the ground that the school board improperly restricted Sterzing's right to speak and express his opinion in the classroom. In declining to grant reinstatement on the basis that it would be too antagonistic, the Court used an impermissible ground. On the hypothesis of a violation of his First and Fourteenth Amendment rights —an hypothesis which is unchallenged in view of the dismissal of the cross-appeal[3]—the Court could not deny relief on such basis. Enforcement of constitutional rights frequently has disturbing consequences. Relief is not restricted to that which will be pleasing and free of irritation.

But the Court also made clear in its opinion that an equally significant basis for its denial of reinstatement was the award of $20,000.00 in lieu of several years salary. Of course appellant cannot have the right to a consideration of reinstatement on proper grounds without allowing the District Court to weigh all of the factors leading to the remedy ultimately chosen. Consequently the whole judgment, insofar as it prescribed a remedy, must be vacated. The District Court should fully reconsider its remedy in light of our ruling that the basis stated was impermissible. We express no view on what that remedy should be.

Vacated and remanded.

1. Sterzing v. Fort Bend Independent School District, S.D.Tex., 1972, 376 F.Supp. 657.

2. After exhaustion of his administrative remedies, Sterzing filed this civil rights action basing jurisdiction on 42 U.S.C.A. § 1983 and 28 U.S.C.A. § 1343(3) seeking both monetary damages and the equitable relief of reinstatement. His complaint named the Fort Bend Independent School District and all members of the board of trustees and the superintendent of the school district.

Since the Fort Bend Independent School District, "under Texas law, is in the nature of a municipality," Harkless v. Sweeny Independent School District, 5 Cir., 1970, 427 F.2d 319, 321, jurisdiction does not exist in a § 1983 civil rights action against the school district either for monetary damages or equitable relief under the recent case of City of Kenosha v. Bruno, 1973, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109. Of course the appropriate named school officials are "persons" within § 1983 and there are no jurisdictional problems concerning these named party defendants. United Farm Workers of Florida Housing Project, Inc. v. City of Delray Beach, 5 Cir., 1974, 493 F.2d 799.

3. Due to the defendants' abandonment of their cross-appeal, we need not determine nor do we intimate how we would rule on the District Court's basic finding of constitutional violation. We are confined solely to the issue of remedy.