**Jerry G. ALLEN, Plaintiff-Appellant, Cross-Appellee,**

v.

**AUTAUGA COUNTY BOARD OF EDUCATION, et al., Defendants-Appellees, Cross-Appellants.**

**Manya E. OGLE, Plaintiff-Appellee,**

v.

**AUTAUGA COUNTY BOARD OF EDUCATION, et al., Defendants-Appellants.**

**No. 81–7341.**

United States Court of Appeals, Eleventh Circuit.

Sept. 16, 1982.

---

George Beck, Maurice S. Bell, Charles M. Allen, II, Montgomery, Ala., Julia Penny Clark, David Rubin, Washington, D. C., for Jerry G. Allen.

Robison & Belser, Vaughan H. Robison, John M. Bolton, III, Montgomery, Ala., for defendants-appellees, cross-appellants.

Before VANCE and ANDERSON, Circuit Judges, and ALLGOOD *, District Judge.

---

* Honorable Clarence W. Allgood, U. S. District Judge for the Northern District of Alabama, sitting by designation.

VANCE, Circuit Judge:

Plaintiffs Jerry G. Allen and Manya E. Ogle were non-tenured public school teachers in the Autauga County School District. At the end of the 1978–1979 school year the Autauga County School Board followed the recommendation of Bobby G. Ziegler, the principal of the school where they worked, and voted not to renew their teaching contracts. Allen and Ogle subsequently filed separate lawsuits under 42 U.S.C. § 1983,[1] alleging that the decision not to renew their contracts violated their rights under the first amendment. Specifically, both Allen and Ogle alleged that they had been fired because they circulated for signature by fellow teachers a letter addressed to the state Superintendent of Education questioning defendants' use of certain earmarked school funds. Allen and Ogle each requested relief in the form of damages, back pay, reinstatement to their teaching positions, costs, and attorney's fees.

After a consolidated bench trial the district court found for plaintiffs. The court first found that the superintendent of schools and board of education "placed full responsibility for a decision of rehiring non-tenured teachers on the shoulders of . . . the principal of the school." The district court then examined the reasons defendants advanced as the basis for the termination decision, and held that they were merely pretextual. The court found instead that defendant Ziegler had knowingly and intentionally recommended nonrenewal of plaintiffs' employment contracts solely because of their role in drafting and circulating the letter to the state Superintendent of Educa-

tion. The district court then determined that plaintiffs' involvement in the circulation of the letter was protected by the first amendment, and that the termination decisions were therefore unconstitutionally motivated. The court entered judgment for the plaintiffs.[2] It awarded money damages, costs, and attorney's fees to both plaintiffs, but denied reinstatement.

On appeal Allen challenges the district court's refusal to order her reinstatement as a teacher in the Autauga County school system.[3] Defendants have cross-appealed the adverse judgments in favor of Allen and Ogle. We examine first defendants' challenge to the judgment below.

■ In determining whether defendants unconstitutionally failed to renew the teaching contracts of Allen and Ogle, we must apply the test enunciated by the Supreme Court in *Mt. Healthy City School District Board of Education v. Doyle*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977). Plaintiffs have the initial burden of demonstrating that their conduct was constitutionally protected and was a substantial or motivating factor in the decision not to rehire them. If they meet this twin burden, the court should enter judgment in their favor unless defendants prove by a preponderance of the evidence that the same decision would have been reached in the absence of the protected conduct. *Id.* at 287, 97 S.Ct. at 576; *see Avery v. Homewood City Board of Education*, 674 F.2d 337, 340 (5th Cir. 1982); *Paschal v. Florida Public Employees Relations Committee*, 666 F.2d 1381, 1384 (11th Cir. 1982); *Wilson v. Taylor*, 658 F.2d 1021, 1027 (5th Cir. 1981).[4]

1. The district court had jurisdiction over the case pursuant to 28 U.S.C. § 1343(3). Our appellate jurisdiction rests on 28 U.S.C. § 1291.

2. The court entered judgment against Ziegler in his individual and official capacities, but against the remaining defendants only in their official capacities.

3. Ogle does not appeal the district court's judgment, and she is before us only as cross-appellee to defendants' appeal. As discussed *infra*, we reject defendants' contentions on appeal, so we therefore affirm in all respects the district court's judgment as it pertains to Ogle.

4. This court has held that all decisions of the former fifth circuit that had been released prior to October 1, 1981 are binding upon us unless overturned by the court en banc. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc). Additionally, this circuit has determined that all decisions of the former fifth circuit in which active judges of this circuit participated are binding precedent, regardless of the date of decision. *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33, 34 (11th Cir. 1982).

■ Defendants' primary contention in this court is that the district court erred in finding that the sole reason for the nonrenewal decision was plaintiffs' participation in constitutionally protected activity.[5] Proof of causation under the *Mt. Healthy* test is a question of fact. *Van Ooteghem v. Gray*, 654 F.2d 304, 305 (5th Cir. 1981) (en banc), *cert. denied*, —— U.S. ——, 102 S.Ct. 1255, 71 L.Ed.2d 447 (1982); *Bickel v. Burkhart*, 632 F.2d 1251, 1255 (5th Cir. 1980). Consequently, we will not overturn the district court's holding on this point unless the holding is clearly erroneous. *See* Fed.R. Civ.P. 52(a). We have reviewed the record in this case and we conclude that there was ample evidence to support the district court's finding that Allen's and Ogle's protected conduct was the sole cause of the nonrenewal decision.

■ Defendants also argue that the district court failed to make a finding required by *Mt. Healthy* as to whether they would have reached the same nonrenewal decision in the absence of plaintiffs' constitutionally protected conduct. This contention is without merit, for this requisite factual finding is implicit in the facts found by the district court. Our interpretation of the district court's findings is that the sole reason for the nonrenewal decision was the protected activity, so it follows *a fortiori* that the same employment decision would not have been reached for any permissible reason absent that protected conduct. We therefore hold that the district court complied with *Mt. Healthy* and that the court correctly entered judgment for Allen and Ogle.[6]

The sole basis of Allen's appeal is the district court's denial of her request for reinstatement. The district court found that reinstatement would "breed difficult working conditions" for Allen and that there was "a lack of mutual trust between [Ziegler] and Allen which is essential in the operation of a school." Accordingly, the court concluded that reinstatement would be inequitable in light of the circumstances of the case.

■ Although the district court's concerns are understandable, we agree with Allen that they do not justify the court's holding on this point. Indeed, the use of these considerations as the basis for denying reinstatement is in clear conflict with extant fifth circuit precedent. In *Sterzing v. Fort Bend Independent School District*, 496 F.2d 92 (5th Cir. 1974), the former fifth circuit held that the existence of an antagonistic relationship could not justify the refusal to reinstate a teacher who had been discharged for exercising his first amendment rights. In reaching this conclusion, the court stated that "[e]nforcement of constitutional rights frequently has disturbing consequences. Relief is not restricted to that which will be pleasing and free of irritation." *Id.* at 93. Many other cases that bind us have reached the same conclusion: reinstatement is a basic element of the appropriate remedy in wrongful employee discharge cases and, except in extraordinary cases, is required. *See, e.g., Kingsville Independent School District v. Cooper*, 611 F.2d 1109, 1114 (5th Cir. 1980); *Moore v. Tangipahoa Parish School Board*, 594 F.2d 489, 494–95 (5th Cir. 1979); *United States v. Coffeeville Consolidated School District*, 513 F.2d 244, 249 (5th Cir. 1975); *Lee v. Macon County Board of Education*, 453 F.2d 1104, 1114 (5th Cir. 1971); *Harkless v. Sweeny Independent School District*, 427 F.2d 319, 324 (5th Cir. 1970), *cert. de-*

---

**5.** Defendants have not challenged the district court's holding that the first amendment protected Allen's and Ogle's roles in circulating the letter to the state Superintendent of Education. We therefore do not reach the issue.

**6.** Defendants misconstrue the nature of the *Mt. Healthy* test. Application of the full *Mt. Healthy* test is necessary where there are mixed motives for the discharge. Thus, the third prong of the test is designed to prevent a

discharged employee who would have been fired in any event from gaining a windfall benefit because of participation in disfavored protected conduct. When the employee was discharged *solely* for engaging in protected conduct, however, the third prong of *Mt. Healthy* is superfluous and the district court need not go through a rote and mechanical application of the test.

*nied*, 400 U.S. 991, 91 S.Ct. 451, 27 L.Ed.2d 439 (1971).

This rule of presumptive reinstatement is justified by reason as well as precedent. When a person loses his job, it is at best disingenuous to say that money damages can suffice to make that person whole. The psychological benefits of work are intangible, yet they are real and cannot be ignored. Yet at the same time, there is a high probability that reinstatement will engender personal friction of one sort or another in almost every case in which a public employee is discharged for a constitutionally infirm reason. Unless we are willing to withhold full relief from all or most successful plaintiffs in discharge cases, and we are not, we cannot allow actual or expected ill-feeling alone to justify nonreinstatement. We also note that reinstatement is an effective deterrent in preventing employer retaliation against employees who exercise their constitutional rights. If an employer's best efforts to remove an employee for unconstitutional reasons are presumptively unlikely to succeed, there is, of course, less incentive to use employment decisions to chill the exercise of constitutional rights.

As we have said, there may be exceptional cases in which reinstatement is inappropriate. This case, however, is not such an example, for defendants have shown little more than that Ziegler and Allen do not get along. We therefore conclude that insofar as the district court's judgment denies reinstatement to Allen, the judgment must be vacated and the case remanded with instructions to order reinstatement. We otherwise affirm the district court's judgment.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED WITH INSTRUCTIONS.