Thomas A. LEDEW, Plaintiff,

v.

**SCHOOL BOARD OF SUWANNEE COUNTY, et al., Defendants.**

No. 82–1136–Civ–J–GCY.

United States District Court, M.D. Florida, Jacksonville Division.

Jan. 9, 1984.

Howell L. Ferguson, Tallahassee, Fla., for plaintiff.

William R. Slaughter, Live Oak, Fla., for School Bd. of Suwannee County.

Edwin B. Browning, Madison, Fla., for Frank R. Stankunas.

## MEMORANDUM OPINION

GEORGE C. YOUNG, Senior District Judge.

This cause is before the Court upon the defendants' joint motion for judgment notwithstanding the verdict, and upon plaintiff's motion for a judgment of reinstatement, each filed herein on November 14, 1983. A hearing on these post-trial motions was held on December 5, 1983.

Plaintiff Thomas A. Ledew brought this suit pursuant to 42 U.S.C. § 1983, alleging that the defendants, the School Board of Suwannee County, Florida, and Frank R.

Stankunas, superintendent of the Suwannee County school district, wrongfully discharged Ledew from his administrative position with the School Board because of his constitutionally protected speech activities. Ledew had visited the State Attorney of Suwannee County on February 21, 1982 to discuss certain irregularities Ledew perceived in the administration of the school district. Because of this visit, the superintendent, Stankunas, asked Ledew for his letter of resignation on March 4, 1982, which Ledew submitted later the same day. Ledew's resignation was formally accepted by the School Board, upon the recommendation of Stankunas, on March 23, 1982.

Pursuant to the plaintiff's request, this case was submitted to a jury on the issues of liability and damages, including back pay. The defendants admitted that Ledew's discussions with the State Attorney were protected by the First Amendment and would not constitute a proper basis for Ledew's dismissal. They also did not dispute that Stankunas' actions of demanding Ledew's resignation and recommending that the School Board accept the resignation were motivated by Ledew's protected conduct. They contended, however, that Ledew was not dismissed, but in fact resigned voluntarily, and thus forfeited any rights he might have had to relief. Plaintiff, on the other hand, argued that his resignation was not submitted voluntarily, but was either coerced or submitted under circumstances such that he reasonably believed he was being dismissed. Plaintiff did not dispute that a finding of voluntariness would defeat his claim for relief.

At the insistence of both the plaintiff and the defendants, the court submitted a special interrogatories verdict to the jury which was limited to the following two questions:

1. Has the plaintiff, Thomas A. Ledew, proved by the greater weight of the evidence that his resignation was involuntary?
(Answer "yes" or "no") _____

(If your unanimous answer to Interrogatory #1 was "no", then you should skip Interrogatory #2 and return your verdict; on the other hand, if your unanimous answer to Interrogatory #1 was "yes", then you should proceed to consider and answer Interrogatory #2 below.)

2. What monetary damages has the plaintiff, Thomas A. Ledew, proved by the greater weight of the evidence that he has suffered as a result of his termination from his position with the School Board of Suwannee County, Florida? _____

SO SAY WE ALL.

_____
FOREPERSON

On October 31, 1983, the jury returned its verdict, finding that Ledew's resignation was involuntary and that the defendants were liable to Ledew for damages in the amount of $9,000. Judgment was entered accordingly on November 1, 1983.

## DEFENDANTS' MOTION FOR JUDGMENT NOTWITHSTANDING VERDICT

■ The Court turns first to the defendants' motion for judgment notwithstanding verdict. Viewing the evidence presented at trial in the light most favorable to the plaintiff, as the Court must in considering defendants' motion, the Court finds that a substantial basis existed upon which a reasonable jury could have found that Ledew's resignation was not given voluntarily and that Ledew was entitled to $9,000 damages, approximately the salary Ledew would have received had his employment continued through the remainder of his one-year contract.[1] Accordingly, the defendants' motion for judgment notwithstanding the verdict must be denied.

## PLAINTIFF'S MOTION FOR REINSTATEMENT

■ Having prevailed at trial on the issue of liability, plaintiff has moved the Court for the equitable remedy of reinstatement to his former position with the School Board. Plaintiff also requests that

1. Ledew was employed at a salary of $25,003.50 per year expiring June 30, 1982. The amount of wages Ledew would have received between March 4, 1982, the date he resigned, and June 30, 1982, is roughly $8,200. The remainder of the damages award may reasonably be attributed to humiliation, stigma, etc., for which plaintiff sought compensation.

he be awarded back-pay from November 1, 1983, the date judgment was entered upon the jury verdict, until the date of his reinstatement.

Plaintiff's claim for reinstatement is not defeated by the mere fact that plaintiff lacked tenure and could have been discharged by the School Board for no reason whatever upon the expiration of his one-year employment contract. Under the test established in *Mt. Healthy City School District v. Doyle*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977), if a plaintiff demonstrates that his constitutionally protected conduct was a substantial or motivating factor in the decision not to rehire or to dismiss, then the Court should rule in favor of the plaintiff unless the defendant proves by a preponderance of the evidence that the equivalent decision would have been reached in the absence of the protected conduct. *Id.* at 287, 97 S.Ct. at 576. The Eleventh Circuit has held that, except in extraordinary cases, where a plaintiff has prevailed under the *Mount Healthy* test, the district court is required to grant reinstatement. *Williams v. City of Valdosta*, 689 F.2d 964, 977 (11th Cir.1982); *Allen v. Autauga County Bd. of Education*, 685 F.2d 1302, 1303 (11th Cir.1982).

■ A question similar to plaintiff's claim for reinstatement confronted the jury in its determination of the extent of the defendants' liability. As part of the measure of damages, the jury was charged with deciding the amount of back wages owed to Ledew from the date of his dismissal through the date of the verdict. In awarding Ledew only $9,000 damages, approximately the wages he would have received through the remaining period of his 1981–1982 contract, the jury implicitly found that the defendant School Board would not otherwise have renewed Ledew's employment for the subsequent year or years.

While ordinarily the Court would be bound by this implicit jury finding that Ledew's contract would not have been renewed in considering whether Ledew is now entitled to reinstatement, the Court has come to realize that the instructions given to the jury were erroneous in that they placed the burden on the plaintiff to prove that his contract otherwise would have been renewed.[2] As indicated above, *Mt. Healthy* and its progeny require the *defendant* to prove that the plaintiff's contract would not otherwise have been renewed, once it has been shown that the plaintiff's protected conduct was a substantial or motivating factor in the decision to dismiss.

■ Despite this erroneous instruction, the Court shall not disturb the jury's award of damages, for two reasons: First, plaintiff has waived such review by failing to move for a new trial on this question. Second, the Court took its instruction almost verbatim from the plaintiff's proposed jury instruction No. 23,[3] and thus the error was invited.

■ Nonetheless, since the jury's implicit finding that Ledew's contract would not have been renewed was made pursuant to an incorrect legal standard, the Court must review *de novo* the evidence presented at trial in determining whether Ledew is entitled to reinstatement.[4] The standard the

---

**2.** The Court's instruction was as follows:

"Even if you determine that Mr. Ledew had an annual contract which would have expired in June 1982, plaintiff may establish by the greater weight of the evidence that his damage extended past the employment term by proving that either:

　1. The plaintiff's contract had been renewed in the past, or

　2. Contracts of similarly situated employees had been renewed or

　3. The employer had made a promise of continued employment."

**3.** The proposed instruction was purportedly derived from *Walker v. Ford Motor Co.*, 684 F.2d 1355 (11th Cir.1982), but in fact only states part of the relevant holding in *Walker. See id.* at 1362 and n. 9.

**4.** In its response to plaintiff's motion for reinstatement the School Board has requested that the Court grant a further evidentiary hearing. The Court does not believe such a hearing is necessary. The relevant factual issues were plainly before the jury at trial, and thus all pertinent evidence was presented or should have been presented at that time. The defend-

Court must follow, under the *Mt. Healthy* test, is whether the defendants have proven by the preponderance of the evidence that the School Board would not have rehired Ledew even in the absence of his protected conduct.

Ledew was initially hired on January 19, 1981 as director of federal projects, lunchroom, and personnel. His position was renewed on July 1, 1981, but his duties were subsequently modified, so that on March 4, 1982, the date Ledew submitted his letter of resignation, he was director of lunchroom, personnel, certification and beginning teacher program. It was shown that on February 11, 1982, prior to the events leading to Ledew's resignation, the School Board voted to delete Ledew's position and to distribute each of his responsibilities among other administrators. This action was to become effective on June 30, 1982, the date Ledew's employment contract was to expire. However, on March 4, 1982 the School Board partially rescinded its earlier action by creating a separate new position of lunchroom director, with an annual salary set at between $16,000 and $20,000, depending upon qualifications and experience.

No evidence was presented to indicate that the School Board's action of February 11, 1982 to delete Ledew's position was based on considerations personal to Ledew or his job performance. There was testimony from the superintendent, defendant Stankunas, that prior to his learning of Ledew's visit to the state attorney, he had been in no way dissatisfied with Ledew's performance. Hence, the School Board's deletion of Ledew's position appears to have been motivated by purely fiscal and organizational concerns rather than by a desire to discharge Ledew personally.

As the Supreme Court emphasized in *Mt. Healthy City School District v. Doyle, supra,* an employee should not be placed in a better position as the result of his exercise of constitutionally protected conduct than he would have occupied had he done nothing. 429 U.S. at 285, 97 S.Ct. at 575. It follows that where the position of a wrongfully terminated employee is subsequently abolished or altered based on independent administrative considerations, that employee loses the right to be reinstated to his or her former position as it existed at the time of termination.[5] Accordingly, Ledew is not entitled to be reinstated to his previous position and salary, since that position no longer exists. However, because the school board ultimately decided to retain one of Ledew's administrative titles, "lunchroom supervisor", as a separate position, and the defendants have failed to demonstrate that Ledew would not otherwise have been rehired to that position, the Court holds that Ledew is entitled to be reinstated to the position of lunchroom supervisor.

Defendant Stankunas testified at trial that the person ultimately employed as lunchroom supervisor is paid an annual salary of approximately $18,000 to $19,000. No evidence was offered by either side, however, to show the relative qualifications and experience of the present lunchroom supervisor vis-a-vis Mr. Ledew. Consequently, the Court shall set Ledew's starting salary at a level equivalent to that of the present lunchroom supervisor. The Court also shall award Ledew back-pay at that level for the period from entry of judgment, on November 1, 1983, to the date of reinstatement.

Under the Court's order, the School Board shall be free to hire Mr. Ledew to an

ants apparently also wish to show that present hostility and resentment towards Ledew among school board employees, etc. would breed difficult working conditions. Even accepting such to be the case, Eleventh Circuit precedent proscribes the use of such considerations as a basis for denying reinstatement. *E.g., Allen v. Autauga County Bd. of Education,* 685 F.2d at 1305. The Court concludes that it is able to rule on

plaintiff's motion for reinstatement on the basis of the existing record.

5. *Cf., Edwards v. School Board of City of Norton, Va.,* 658 F.2d 951, 956 (4th Cir.1981) ("For example, if the Board abolished the position of teacher's aide for either educational or financial reasons, Edwards' right to relief would be terminated at the time this change took effect.")

administrative position for which he would be qualified other than lunchroom supervisor, provided that Ledew's salary is commensurate with the duties and responsibilities of the position and is at least equivalent to the salary he would receive as lunchroom supervisor.

Judgment will be entered in accordance with the foregoing opinion.