788 F.2d 1161
 31 Ed. Law Rep. 1087
 Billy K. BANKS, Plaintiff-Appellant,
v.
Jack M. BURKICH, Individually and as Superintendent of the
Letcher County Schools; Frank Wright, Bobby Joe Ison and
Lucille Holbrook, Individually and in Their Capacities as
Members of the Board of Education of Letcher County,
Kentucky; and Board of Education of Letcher County,
Kentucky, a Corporate Entity, Defendants-Appellees.
 No. 85-5210.
 United States Court of Appeals,
Sixth Circuit.
 Argued Jan. 27, 1986.
Decided April 18, 1986.
 
 Arthur L. Brooks and Jane V. Fitzpatrick, Brooks, Coffman & Fitzpatrick, Lexington, Ky., Julia Penny Clark, Bredhoff & Kaiser, Washington, D.C., and Frank Petramalo, Jr., argued, for plaintiff-appellant.
 Forrest E. Cook, argued, Whitesburg, Ky., for Letcher County.
 James W. Craft, Whitesburg, Ky., for individual defendants-appellees.
 Before ENGEL, MILBURN and RYAN, Circuit Judges.
 MILBURN, Circuit Judge.
 
 
 1
 In this action brought under 42 U.S.C. Sec. 1983, plaintiff Billy K. Banks, who prevailed on the merits of his claim that defendants refused to reinstate him in his former position as a truant officer because of his involvement in constitutionally protected activities, appeals the district court's refusal to order the defendant Board of Education ("the Board") to reinstate him in the position wrongfully denied him. For the reasons that follow, we reverse and remand for entry of an order of reinstatement.
 
 I.
 
 2
 Plaintiff served as a teacher and administrator in the Letcher County, Kentucky, School System for over twenty years. On June 30, 1981, he was removed from his position of five years as a truant officer when one of the two positions as truant officer was abolished because of a lack of funds. Plaintiff was then transferred and reassigned to a classroom teaching position resulting in a salary loss.[1]
 
 
 3
 Plaintiff filed a state court action challenging the transfer and eventually prevailed when the Kentucky Court of Appeals reversed the trial court and held that the defendant Board failed to provide a statutorily required notice. Banks v. Board of Education of Letcher County, 648 S.W.2d 542 (Ky.Ct.App.1983). However, the court declined to reach the merits of plaintiff's claim that the transfer was in retribution for plaintiff's support of defendant Board member Bobby Joe Ison's opposition in the 1980 election. Thereafter, the Board exercised the option provided by the Kentucky Court of Appeals of paying plaintiff his salary loss rather than reinstating him as a truant officer.
 
 
 4
 The following year, a second truant officer position was again funded. However, the Board approved defendant Superintendent Jack M. Burkich's recommendation of an applicant other than plaintiff. As a result, plaintiff brought the present action in the district court.
 
 
 5
 Following a four-day trial, the district court accepted the findings of an advisory jury which determined that the defendant superintendent withheld his recommendation of plaintiff because of past political differences, and, further, that the defendant superintendent and defendant Ison acted with malicious intent to cause a deprivation of plaintiff's constitutional rights. Although compensatory and punitive damages were awarded, the district court refused to order reinstatement because it was not convinced it possessed such equitable powers. The district court went on to hold that even if it had such powers, reinstatement would be inappropriate because it would require the court to take acts contrary to Kentucky law and the constitutional rights of the individual presently occupying the position. Further, the district court expressed its concern that a compulsory future relationship between the defendant superintendent and plaintiff, as truant officer, would "merely add to the problem rather than aid in the solution."
 
 II.
 
 6
 Contrary to the district court's view, federal courts possess the power to order reinstatement[2] in a case such as this.[3] See, e.g., Schlei and Grossman, Employment Discrimination Law at 696 (2d Ed.1983) ("Declaratory and injunctive relief, including reinstatement, promotions, and other forms of specific relief for the aggrieved individual, ..., are all generally available remedies under [the Civil Rights Acts]"). See also Hickman v. Valley Local School District Board of Education, 619 F.2d 606, 610 (6th Cir.1980), where, after determining plaintiff's discharge was predicated on constitutionally protected activities, we ordered the district court on remand to order the defendants to offer the plaintiff reinstatement. Cf. Shore v. Federal Express Corp., 777 F.2d 1155 (6th Cir.1985) (Title VII claimants are presumptively entitled to reinstatement).
 
 
 7
 Given these holdings, however, our inquiry is not ended because the district court stated that even if it possessed the power, reinstatement was inappropriate in the instant case because such an order would require action contrary to Kentucky law and the constitutional rights of the individual presently occupying the position of truant officer. The district court further stated that a compulsory future relationship between the superintendent and plaintiff would exacerbate rather than ameliorate the problems in the Letcher County School System.
 
 
 8
 Before discussing the district court's concerns, we note the following principles which guide our decision. An unconstitutionally discharged employee does not have an absolute right to reinstatement. See, e.g., Professional Association of College Educators v. El Paso County Community College District, 730 F.2d 258, 268 (5th Cir.), cert. denied, --- U.S. ----, 105 S.Ct. 248, 83 L.Ed.2d 186 (1984) (hereinafter "PACE "). However, "[u]nder the Mt. Healthy analysis, once the plaintiff establishes that his discharge resulted from constitutionally impermissible motives, he is presumed to be entitled to reinstatement." Id. Although we are not certain this presumption flows inescapably from the Mt. Healthy opinion, we are willing to accept the Fifth Circuit's above statement of the law under the facts of this case.
 
 
 9
 The present case implicates important First Amendment concerns "in the community of American schools." Shelton v. Tucker, 364 U.S. 479, 487, 81 S.Ct. 247, 251, 5 L.Ed.2d 231 (1960). As such, we must consider the effect of the remedy on other employees as well as this particular plaintiff. See, e.g., Pred v. Board of Public Instruction of Dade County, 415 F.2d 851, 856 (5th Cir.1969). If the employer is allowed to redress his violation of an employee's First Amendment rights through mere money damages, the message to other employees is that they may lose their jobs if they speak out against their employer or, as in the present case, campaign against incumbent Board members. The prospect of money damages will not be sufficient for many employees to overcome the otherwise chilling effect that accompanies the threat of termination. Moreover, employment, especially in a career such as education, is more than a way to make money; it is a profession with significant non-monetary rewards. For such professionals, money damages may be a hollow victory. See Allen v. Autauga County Board of Education, 685 F.2d 1302, 1306 (11th Cir.1982).
 
 
 10
 Against this background, we find the reasons advanced by the district court for denying reinstatement to be insufficient to overcome the appellant's entitlement to reinstatement as an appropriate remedy. First, it appears the court was incorrect in asserting that reinstatement would require acts by the court contrary to Kentucky law and the constitutional rights of Larry Ison, the individual hired as truant officer. The district court presumably felt that Ison had a constitutionally protected property interest in the position. Such constitutionally protected property rights are defined by state law. See Board of Regents of State Colleges v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). Under Kentucky law, employment of a teacher is employment in the school district only and not in a particular position or school. Ky.Rev.Stat. Sec. 161.760(4). Accordingly, Ison has no constitutionally protected property interest in his present position. Therefore, reinstatement of plaintiff would not appear to require acts contrary to Kentucky law.
 
 
 11
 In any event, where state law does conflict with the federal constitution, the federal courts nonetheless "have a duty to prescribe appropriate remedies." Milliken v. Bradley, 418 U.S. 717, 744, 94 S.Ct. 3112, 3127, 41 L.Ed.2d 1069 (1974). As the Fifth Circuit stated:
 
 
 12
 The fact that the school board has already hired another to fill that vacancy obviously cannot prevent appropriate relief by a court of equity in vindication of the law and the Constitution.
 
 
 13
 Lee v. Macon County Board of Education, 453 F.2d 1104, 1112 (5th Cir.1971). If the rule were otherwise, an employer could easily avoid reinstatement by simply quickly hiring another individual to replace the unconstitutionally discharged or demoted plaintiff.
 
 
 14
 The district court in the instant case also felt reinstatement would be inappropriate because to do so would exacerbate the problems in the school system. However, the fact that reinstatement might have "disturbing consequences," "revive old antagonisms," or "breed difficult working conditions" usually is not enough "to outweigh the important first amendment policies that reinstatement serves [absent] probable adverse consequences [that] weigh so heavily that they counsel the court against imposing this preferred remedy." PACE, supra, 730 F.2d at 269. As the Fifth Circuit stated elsewhere, "Enforcement of constitutional rights frequently has disturbing consequences. Relief is not restricted to that which will be pleasing and free of irritation." Sterzing v. Fort Bend Independent School District, 496 F.2d 92, 93 (5th Cir.1974) (per curiam) (reversing district court's refusal to order reinstatement as remedy for violation of First Amendment rights that was based on finding that to do so "would only revive antagonisms"). In our view, the self-serving statements by the defendant superintendent that he could no longer work with plaintiff, standing alone, are not enough to establish this as one of those "exceptional cases in which reinstatement is inappropriate." Allen, supra, 685 F.2d at 1306.
 
 III.
 
 15
 Accordingly, the decision of the district court denying reinstatement is REVERSED, and this cause is REMANDED to the district court for entry of an order of reinstatement.
 
 
 16
 ENGEL, Circuit Judge, concurring in part and dissenting in part.
 
 
 17
 While I generally concur in the observations of the majority opinion, I do not believe that the violation here compels the remedy mandated by the majority. Rather, I believe that the trial judge properly exercised his discretion in concluding that reinstatement would be inequitable under the circumstances here. Generally, equitable remedies in civil rights cases are addressed to the very broad discretion of the trial judge, who is closer to the scene and better able to judge the fairness and effectiveness of any remedy. I agree with the majority that Larry Ison (no relation to the defendant Billy Joe Ison) has no property right to his specific employment as a truant officer, and that therefore the Board would not be exceeding its powers in transferring him to some other position in order to make way for plaintiff here. That fact, however, does not make Larry Ison's dilemma less real, or mitigate the fact that he has never been made a party to these proceedings nor been given an opportunity to defend his interest in the district court. The trial judge undoubtedly recognized this and, although it was not unconstitutional, believed that it was unfair at this time to disturb him, even though Mr. Banks was entitled to relief from the constitutional violation he suffered.
 
 
 18
 The problems that are presented in this case are not uncommon in the field of civil rights law, see Firefighters Local Union No. 1784 v. Stotts, 467 U.S. 561, 104 S.Ct. 2576, 81 L.Ed.2d 483 (1984); Milliken v. Bradley, 418 U.S. 717, 94 S.Ct. 3112, 41 L.Ed.2d 1069 (1974); Alexander v. Aero Lodge No. 735, 565 F.2d 1364, 1379-81 (6th Cir.1977), and I believe it is much wiser to leave a wide degree of discretion in the trial court, provided that that discretion is exercised with a proper understanding of the law. To some extent, the trial judge's action was based upon a misunderstanding of the law, and the majority has properly corrected that misconception. Assuming that the majority believes that the relief granted was insufficient to correct the wrong, I think it would be better to amend the judgment of the district court so as to require Mr. Banks to be reinstated as truant officer whenever the next vacancy occurs in that position, whether by the resignation or removal of Mr. Ison, or by the creation of an additional position.
 
 
 
 [1]
 Plaintiff was eventually placed as principal of the Kingdom Come Elementary School for the 1981-82 school year
 
 
 [2]
 Reinstatement is not a completely accurate term to describe this case. Rather than seeking to be rehired following a wrongful discharge, plaintiff seeks to be reassigned following a wrongful demotion. However, because the "reinstatement" cases apply equally to the present controversy, we will employ this term
 
 
 [3]
 The cases relied on by defendants as support for the proposition that reinstatement is not an appropriate remedy are either factually or legally inapposite. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976), concerned an attempt by the district court to order injunctive relief after having concluded the evidence did not establish a constitutional violation by the responsible authorities. In the instant case, the existence of a constitutional violation perpetrated by the named defendants is not in dispute. Rizzo in no way undercuts Mt. Healthy City School District Board of Education v. Doyle, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977), and its progeny, relied on by plaintiff
 Similarly, City of Los Angeles v. Lyons, 461 U.S. 95, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983), is not in point. In Lyons the Supreme Court held, inter alia, that an injunction prohibiting certain future conduct by the Los Angeles Police Department was inappropriate in that the plaintiff had not shown irreparable harm. In contrast, the instant case involves the question of whether reinstatement is an appropriate remedy for an employer's wrongful failure to rehire an employee because of his exercise of his First Amendment rights. Again, Lyons in no way detracts from plaintiff's reliance on Mt. Healthy.
 Finally, Connick v. Myers, 461 U.S. 138, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983), is irrelevant because there the issue was whether an actionable First Amendment right was implicated under the facts therein. Again, there is no dispute here that plaintiff had a First Amendment right that was violated by the Board.