UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 92-1715

AGAPITA ROSA VELAZQUEZ, ET AL.,

Plaintiffs, Appellants,

v.

EDNA J. FIGUEROA-GOMEZ, ET AL.,

Defendants, Appellees.

No. 92-2155

AGAPITA ROSA VELAZQUEZ, ET AL.,

Plaintiffs, Appellees,

v.

EDNA J. FIGUEROA, ET AL.,

Defendants, Appellants.

No. 92-2223

AGAPITA ROSA VELAZQUEZ, ET AL.,

Plaintiffs, Appellants,

v.

EDNA J. FIGUEROA-GOMEZ, ET AL.,

Defendants, Appellees.

APPEALS FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Roberto Schmidt-Monge, U.S. Magistrate Judge]

Before

Breyer, Chief Judge,

Torruella and Cyr, Circuit Judges.

Eliezer Aldarondo-Ortiz, with whom Miguel Pag n and

Aldarondo, L pez Bras, Pag n & Ortiz Ballester, were on brief for

appellants.
Zuleika Llovet, with whom Juan B. Soto-Balbas and Mercado &

Soto, were on brief for appellees.

June 9, 1993

-2-

TORRUELLA, Circuit Judge. In this appeal, we review

the district court's denial of a Motion to Alter or Amend

Judgment pursuant to Federal Rule of Civil Procedure 59(e). This

is a run of the mill political discrimination case brought

against appellants, Municipality of Luquillo, Puerto Rico and

several officials of the Municipality, under 42 U.S.C. 1983 for

violation of appellees' First Amendment rights under the United

States Constitution. The jury found that the appellants

discriminated against appellees, thirty-eight former employees of

the Municipality, and awarded damages in favor of twenty-seven

appellees. Appellants request that we vacate the judgment of the

district court entirely because the evidence was insufficient to

support the jury's verdict that appellants terminated appellees

because of their political affiliation. Alternatively,

appellants pray that we reduce the damage awards because they are

allegedly excessive. Plaintiff-appellees, in a cross-appeal,

request that they be reinstated in their employment.

I

Normally, to challenge the sufficiency of the evidence

on appeal, a party must move for a directed verdict at the close

of all the evidence and follow it by a motion for judgment

notwithstanding the verdict. See Fed. R. Civ. P. 50 (a) & (b);

Wells Real Estate, Inc. v. Greater Lowell Board of Realtors, 850

F.2d 803, 810 (1st Cir.), cert. denied, 488 U.S. 955 (1988).

Motions for directed verdict and judgment n.o.v. must be made

with sufficient particularity to alert the trial judge as to why

-3-

the evidence is insufficient. The moving party may appeal only

from the grounds stated in the motion. Id.; Pstragowski v.

Metropolitan Life Ins. Co., 553 F.2d 1, 3 (1st Cir. 1977). Since

appellants failed to move for a directed verdict and judgment

n.o.v., we may not consider this ground of appeal. Wells Real

Estate, 850 F.2d at 810; La Forest v. Autoridad de las Fuentes

Fluviales, 536 F.2d 443, 445 (1st Cir. 1976).

However, waiver of the right to request a judgment

n.o.v. does not prevent a party from moving for a new trial under

Fed. R. Civ. P. 59(a), alleging that the verdict is against the

weight of the evidence. Wells Real Estate, 850 F.2d at 810.

"[A] motion for a new trial must be made in the first instance

before the trial court, particularly where the weight of the

evidence is at issue." Id., 850 F.2d at 811 (citing 6A James WM.

Moore, Moore's Federal Practice 59.15[3], at 326-27 (2d ed.

1987)). Failure to move for a new trial also waives the issue on

appeal. Id.

In this case, appellants once again failed to make an

appropriate motion for a new trial before the district court.

Instead, they moved under Fed. R. Civ. P. 59(e) to set aside or

amend the verdict.1 The purpose of the motion, however, was

1 Courts have interpreted Rule 59(e) to allow a motion to vacate
a judgment entirely, rather than just alter it. See 11 Charles

A. Wright & Arthur R. Miller, Federal Practice and Procedure

817 at 111 n.31, Supp. at 39 n.31 (1973 & Supp. 1992) and cases
cited therein. These courts, however, considered whether a Rule
59(e) motion was functionally equivalent to a motion to
reconsider under Rule 60, pursuant to which a district court may
vacate a judgment for certain specified errors. See, e.g., A.D.

Weiss Lithograph Co. v. Illinois Adhesive Products Co., 705 F.2d

-4-

indisputably to challenge the verdict as against the weight of

the evidence. While we do not condone lax, self-styled motions,

or disregard of the Rules, our examination of the character of a

motion is functional: "nomenclature should not be exalted over

substance." Echevarr a-Gonz lez v. Gonz lez-Chapel, 849 F.2d 24,

26 (1st Cir. 1988) (quoting Lyell Theatre Corp. v. Loews Corp.,

682 F.2d 37, 41 (2d Cir. 1982)). We therefore cannot conclude

that appellants failed to raise the issue before the district

court.

The district court apparently did not pay much

attention to the rule under which the motion was filed, or the

caption that titled appellants' plea. The magistrate judge

addressed the sufficiency argument directly and denied

appellants' motion because he believed that "[t]he jury received

abundant testimonial and documentary evidence with which to

support their conclusion of political discrimination." Rosa-

Vel zquez v. Figueroa-G mez, No. 90-1192, slip op. at 1 (D.P.R.

Apr. 15, 1992). In addition, appellees did not object to the

styling of the motion and seemed to assume that sufficiency of

the evidence could be assailed in a motion under Rule 59(e).

Thus, while the district court ought to have reformed the

challenge as one pursuant to Rule 59(a) earlier in this

proceeding, we will treat the motion as one for a new trial.

249, 250 (7th Cir. 1983); Huff v. Metropolitan Life Ins. Co., 675

F.2d 119, 122 (6th Cir. 1982). We have found no authority
supporting the proposition that a motion under Rule 59(e) may be
used to reevaluate the weight of the evidence after a jury's
verdict.

-5-

The decision to grant a new trial is squarely within

the trial court's discretion. Allied Chemical Corp. v. Daiflon,

Inc., 449 U.S. 33, 36 (1980). "Only an abuse of discretion will

trigger reversal of a denial of a motion for new trial." Wells

Real Estate, 850 F.2d at 811; see also Conway v. Electro Switch

Corp., 825 F.2d 593, 598 (1st Cir. 1987). Such deference to the

trial court is particularly appropriate in cases in which the

jury's verdict is challenged as against the weight of the

evidence because "a jury's verdict on the facts should only be

overturned in the most compelling circumstances." Wells Real

Estate, 850 F.2d at 811; Keeler v. Hewitt, 697 F.2d 8, 11 (1st

Cir. 1982).

Moreover, the trial court's discretion is quite limited

concerning motions for new trials. A trial judge may not upset

the jury's verdict merely because he or she might have decided

the case differently. On the contrary, a trial judge may grant a

new trial only if she "believes that the outcome is against the

clear weight of the evidence such that upholding the verdict will

result in a miscarriage of justice." Conway, 825 F.2d at 598-99;

see also Coffran v. Hitchcock Clinic, Inc., 683 F.2d 5, 6 (1st

Cir.), cert. denied, 459 U.S. 1087 (1982). We assume, and we do

not review for, sufficiency of the evidence. Valm v. Hercules

Fish Products, Inc., 701 F.2d 235 (1st Cir. 1983).

We thus review the evidence to determine whether the

district court abused its discretion. The evidence showed that

all the plaintiffs were members of the Popular Democratic Party

-6-

("PDP"); that all defendants were members of the New Progressive

Party ("NPP"); that many of the plaintiffs were politically

active for the PDP during the 1988 campaign which brought the NPP

to power; that defendants knew of the plaintiffs' political

affiliation prior to termination; that plaintiffs' work

responsibilities were altered with the change in administration;

and that plaintiffs' positions in the Municipal government were

filled with members of the NPP after termination. Given this

evidence, the district court did not abuse its discretion in

finding the evidence sufficient to support the jury's verdict and

denying appellants' motion.

II

Appellants' second argument fails for similar reasons.

Appellants urge that if the evidence is deemed sufficient, the

damage awards be reduced because they are excessive. The

standard of review of damage awards places an enormous burden on

the party challenging the award. To begin with, the evidence is

viewed in the light most favorable to the prevailing party. See,

e.g., Betancourt v. J.C. Penney Co., 554 F.2d 1206, 1207 (1st

Cir. 1977). In addition, it is exceedingly "difficult on the

basis of an algid appellate record to quantify damages for

intangible losses." Ruiz v. Gonz lez-Caraballo, 929 F.2d 31, 34

(1st Cir. 1991). Indeed, "[t]ranslating legal damage into money

damages -- especially in cases which involve few significant

items of measurable economic loss -- is a matter peculiarly

within a jury's ken." Wagenmann v. Adams, 829 F.2d 196, 215 (1st

-7-

Cir. 1987). Therefore, unless we can say that the award is

"'grossly excessive,' 'inordinate,' 'shocking to the conscience

of the court,' or 'so high that it would be a denial of justice

to permit it to stand,'" Segal v. Gilbert Color Systems, Inc.,

746 F.2d 78, 80-81 (1st Cir. 1984) (quoting Grunenthal v. Long

Island R.R. Co., 393 U.S. 156, 159 & n.4 (1968)), we will not

"overrule a trial judge's considered refusal to tamper with the

damages assessed by a jury." Ruiz, 929 F.2d at 34; see also

Wagenmann, 829 F.2d at 215. We certainly cannot say that these

awards for political discrimination in employment fall outside

this broad standard for acceptable jury verdicts.2

III

The last issue that we must confront is whether the

district court properly denied plaintiffs' request for

reinstatement. This circuit has determined previously that

"[o]ne of the remedies available for a political discharge in

violation of First Amendment rights is reappointment." Santiago-

Negr n v. Castro-D vila, 865 F.2d 431, 437 (1st Cir. 1989). As

reinstatement is an equitable remedy, we have stressed that its

flexible application "seems particularly desirable in cases

involving important private rights and public institutions" such

as those involving political discrimination. Rosario-Torres v.

Hern ndez-Col n, 889 F.2d 314, 320-21 (1st Cir. 1989). We have

rejected the notion that finding a violation of first amendment

rights leads a fortiori to reinstatement, and recognized that the

2 The jury awarded sums ranging between $14,200 and $33,500.

-8-

application of the remedy lies within the district court's

discretion. Id. at 321-22. The court must apply that discretion

on a case by case basis with a keen eye to the many factors in

the balance.

The trial court's discretion is not unbounded, however.

In fact, we have cautioned that the incidental burdens on a

public employer accompanying reinstatement -- i.e., "tension (or

even hostility) between parties when forcibly reunited" -- are

"usually insufficient, without more, to tip the scales against

reinstatement when first amendment rights are at stake in a

section 1983 action." Id. at 322 (citing Banks v. Burkich, 788

F.2d 1161, 1165 (6th Cir. 1986)). Thus, "equitable

considerations different in kind or degree from those regularly

accompanying reinstatement must be present if reinstatement is to

be withheld from the victim of a first amendment infraction."

Rosario-Torres, 889 F.2d at 323.

In the past, we have indicated a number of special

considerations that influence the district court determination in

specific cases, including: (1) the strength of the evidence

proving the first amendment violation; (2) whether the discharged

employee has found comparable work; (3) the absence of a property

right in the position because the employee was hired in violation

of local law; and (4) the ineligibility of the employee for the

position, due to failure to meet established qualifications,

which would permit immediate discharge for no reason or for any

permissible reason. See Hiraldo-Cancel v. Aponte, 925 F.2d 10,

-9-

13-14 (1st Cir.), cert. denied, 112 S. Ct. 637 (1991); Rosario-

Torres, 889 F.2d at 322-24. Although ineligibility for

appointment "neither suspend[s] their first amendment rights nor

undercut[s] their entitlement to legal relief under section

1983," it is a factor weighing against reinstatement if a

reappointee would be immediately discharged. Hiraldo-Cancel, 925

F.2d at 14. This list does not canvass all the relevant factors

but rather highlights several that are particularly important.

With these principles in mind, we review the choice of equitable

remedies for abuse of discretion while recognizing that the trial

court views the evidence from a better vantage point than we do

on the appellate record. Id.

In this case the trial court denied reinstatement to

all prevailing plaintiffs. The scant evidence supporting the

first amendment claims, the amount of the damage awards, and the

fact that these employees were hired illegally in violation of

Puerto Rico's personnel laws provided sufficient justification

for denying reinstatement. We readily find no abuse of

discretion.

IV

In conclusion, we affirm the trial court's denial of

the Rule 59(e) motion and plaintiffs' request for reinstatement.

-10-