Trinidad ROURE, et al.,
Plaintiffs, Appellees,

v.

Rafael HERNANDEZ COLON, etc., et
al., Defendants, Appellants.

No. 87–1048.

United States Court of Appeals,
First Circuit.

Submitted April 24, 1987.

Decided July 24, 1987.

Elba Rosa Rodriquez, Saldana, Rey, Moran & Alvarado, Santurce, P.R., Hector Riv-

era Cruz, Secretary of Justice, and Rafael Ortiz Carrion, Sol. Gen., Hato Rey, P.R., on brief, for defendants, appellants.

Miguel Pagan, Eliezer Aldarondo Ortiz and Aldarondo & Lopez Bras, Hato Rey, P.R., on brief, for plaintiffs, appellees.

Before COFFIN, BOWNES and BREYER, Circuit Judges.

PER CURIAM.

Plaintiffs, 25 former employees of the Office of the Governor at La Fontaleza, brought a § 1983 action contending that they were terminated in violation of their First Amendment rights solely because of their political association and that they had been deprived of their property interest in their positions without due process. They sought reinstatement, back pay, and damages. Defendants' motion for summary judgment based on, among other things, qualified immunity from damages liability was denied by a brief margin order stating that material facts were in dispute. Defendants have appealed. *Mitchell v. Forsyth*, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985).

Unlike many of the political termination cases this court has dealt with recently, with the exception of one of the 25 employees—a translator for the governor—defendants do not contend that political association is an appropriate job requirement. Rather, they say that the appointments of the 24 had failed to comply with relevant personnel laws and hence were void. Maintaining that employees with void appointments could properly be terminated, defendants say they are entitled to qualified immunity.

For convenience, the 25 plaintiffs in this case can be divided, in accordance with defendants' contentions, into three categories: 1) the translator in the governor's press office who, defendants say, properly could be terminated for political reasons; 2) four employees, classified as trust employees, but who, defendants claim, in actually should have been classified as career employees and whose appointments could properly be terminated as void because the

procedures for appointing career employees had not been followed, and 3) 20 employees properly classified as career employees, but whose appointments also were void because the appointing requirements for career employees had not been followed. Each group is addressed.

1. *The translator.* In support of their motion for summary judgment with respect to the translator, defendants presented two principal documents. The first was an affidavit from the personnel director of the office of the governor which stated as follows:

"The Press and Communications Office is the area of the Office of the Governor that handles the communications of the Governor and his family. It gathers all the new[s] materials published in relation to the Governor and his family, the Governor Administration, and all kind of problems and information that may be of official or personal interest to the Governor."

"As of January 2, 1985, there was in the Press and Communications Office of the Governor, only one position of Translator, classified as trust position."

The second was a job description of the press office translator. The duties listed were

"Translate into Spanish or into English office materials such as speeches, press releases or any materials for which a translation is required."

Four years of college were required for the position, and while job instructions were said to be "detailed," job review was "superficial."

The question before us on this interlocutory appeal is whether "the incorrectness of [defendants'] conduct was clearly established," *see DeAbadia v. Izquierdo Mora*, 792 F.2d 1187, 1193 (1st Cir.1986), that is, whether it was clearly established that a translator such as plaintiff could not be fired for political reasons.

In *Branti v. Finkel*, 445 U.S. 507, 518 (1980), one of the few examples indicated of a position for which political affiliation would be an appropriate requirement was an assistant who helps a governor with

speeches or explains his views to the press. *Id.*, at 518. And in *Vazquez Rio v. Hernandez Colon*, 815 F.2d 830 (1st Cir.1987), we upheld a claim of qualified immunity with respect to a text writer's aide or editing assistant's § 1983 claim for damages liability. *Id.* at 837–39.

■ The translator contends that politics has nothing to do with language. Apparently she sees her translation of English into Spanish (or vice versa) as a matter of applying a technical skill to a task with little room for political judgment or original communicative effect, much as, say, a skilled typist renders written script into typewritten print. We do not think the matter is so clear cut. Given the importance of nuances in language, a governor might reasonably regard it as important that the one who translates his speeches and press releases shares his political views. The translator position could reasonably be viewed as involving "at least a modicum of ... official communication," *see Mendez-Palou v. Rohena-Betancourt*, 813 F.2d 1255, 1259 (1st Cir.1987), and hence we cannot say that it was *clearly* established that such a translator could not be discharged for political reasons. Therefore, defendants were entitled to qualified immunity from damages liability with respect to the translator's First Amendment claim.

■ As for the translator's claim that she was deprived of property without due process, there is no dispute she was classified as a trust employee.[1] Thus, for the reasons stated in *Raffucci Alvarado v. Sonia Zayas*, 816 F.2d 818, 820–21 (1st Cir. 1987), defendants were entitled to qualified immunity on the due process claim. Under Puerto Rico law, confidential or trust employees are of "free selection and removal," P.R.Laws Ann. tit. 3, § 1350, and hence defendants could reasonably conclude plaintiff could be summarily dismissed without a hearing.

2. *The four trust employees who, defendants claim, should have been classified as career employees.* There is no dispute that these four employees were classified as trust employees. In moving for summary judgment, however, defendants contended that the job functions of these four employees were low level, hence the jobs should have been classified as career (tenured) positions, and consequently the procedures for appointment to career positions should have been followed. Because the career procedures had not been followed, the appointments were null and void, and hence defendants could legally terminate the employees, defendants argued.

■ Defendants' position that the appointments were void, even if correct as a matter of Puerto Rico law, does not establish that defendants are entitled to qualified immunity with respect to plaintiffs' First Amendment claims. Rather, defendants' defense raises a classic mixed motive under *Mt. Healthy City School District Board of Education v. Doyle*, 429 U.S. 274, 287, 97 S.Ct. 568, 576, 50 L.Ed.2d 471 (1977). Defendants say they could legitimately terminate plaintiffs because their appointments were void. Plaintiffs, in turn, alleged in their verified complaint that the real reason they were terminated was political affiliation. Whether defendants would have terminated plaintiffs regardless of their political affiliation is a question for the trier of fact. If defendants are contending plaintiffs did not, as a matter of summary judgment law, present enough facts to controvert defendants' showing, that is a matter outside the scope of this limited interlocutory appeal. *See Cheveras Pacheco v. Rivera Gonzalez*, 809 F.2d 125, 127 (1st Cir.1987) (argument focusing on whether facts are disputed is not a proper subject of review as part of an interlocutory appeal on the issue of qualified immunity); *Bonitz v. Fair*, 804 F.2d 164, 166–67 (1st Cir.1986).

■ As for these four employees' property and due process claims, defendants argued that since they had been classified (albeit wrongfully) as trust employees, they had no property interest in their job and

---

1. See plaintiff's sworn statement, ¶ 3 (App. 155).

hence were not entitled to any pre- or post-termination process. Defendants relied on *Colon v. Mayor of the Municipality of Ceiba*, 12 Puerto Rico Supreme Court Official Translations 934 (1982), where a dismissed trust employee contended he really should have been classified as a career employee and consequently was not subject to removal at will, but rather was entitled to the procedural (notice and hearing) and substantive protections accorded career employees. The Puerto Rico Supreme Court assumed the employee should have been classified as a career employee, but concluded he was not entitled to protection, stating as follows: "[A]cts executed contrary to the provisions of law are void except where the law preserves their validity.... Especially when it constitutes an assault on the public order values contained in the Personnel Act. The protection of the career position cannot be extended to he who obtained the position on the basis of standards foreign to that category." *Id.* at 940. In other words, as the employee had not been appointed in conformity with the procedures applying to career employees, he was not entitled to the protection of these procedures when discharged. Consequently, defendants claim that it is clearly established law that trust employees, even if improperly so classified, have no property interest in their job and are not entitled to pre- or post-discharge notice and hearing.

On the basis of those of the cases defendants cited for which we have English translations, there may be force in defendants' argument. The district court, which has greater access to Puerto Rico case law than do we, however, did not specifically address defendants' present argument. (Rather, the district court, finding disputed issues of material fact affecting at least some of plaintiffs' claims, apparently felt it was unnecessary to undertake a detailed examination of each claim). We therefore think that rather than attempting to rule definitively on defendants' claim of qualified immunity from damages liability with respect to these four employees' due process claims, the matter should first be reconsidered by the district court.

3. *The twenty employees properly classified as career employees but whose appointments, defendants say, were not made in accordance with the proper procedures and hence are void.*

There is no dispute that these 20 employees were classified as career employees. In moving for summary judgment, defendants filed the form letters they had sent to the employees which generally stated that a review of documents relating to the employee's appointment "reflects that you were recruited without meeting the established minimal requirements of education and experience for [the employee's position was filled in here] and without there existing any certification of eligibles whatsoever, in controvention of the provision of Section 4.3 of Law No. 5 of 14 October 1975, as amended, and applicable regulations." The letter then concluded that the appointment was "null." The employee was notified of his right to an informal administrative hearing to present his version or to show cause why he should not be severed. If an employee did not request a hearing, he was severed. If he did, he was afforded one, defendants say, after which another letter was sent terminating the employee because he had failed to produce any evidence rebutting the charges. The second letter advised the employee of his right to appeal to the Board of Appeals of the Personnel Administration System. Consequently, defendants contend they afforded plaintiffs all the process they were due.

Plaintiffs, in their memorandum in opposition to defendants' motion, stated in conclusory terms that the hearings allegedly accorded were "pro-forma, in other words an illusion of law compliance but not a real law compliance." Plaintiffs did not identify deficiencies with any particularity.

■ Whether plaintiffs' appointment procedures did or did not comply with applicable personnel regulations is, in the first instance, a factual matter to be determined. Before defendants could prevail on their legal contention that the appointments were void because improper procedures had been followed and that the termi-

nations were procedurally proper, they first had to establish as a factual matter what procedures were or were not followed. If defendants are contending that plaintiffs' showing in response to defendants' motion for summary judgment was insufficient to raise a genuine issue of material fact with respect to defendants' contention that the appointments had not been procedurally proper and that the termination process had been adequate, that, again, is a matter outside the scope of our limited review in these type of interlocutory appeals. *Cheveras Pacheco*, 809 F.2d at 127; *Bonitz v. Fair*, 804 F.2d at 166–68 (interlocutory appeal under *Mitchell v. Forsyth* is not a procedure for sorting out facts, even for the purpose of determining whether they are undisputed). Consequently, the denial of summary judgment on the procedural due process claim will stand.

As for these 20 employees' First Amendment claims, there is no dispute that these career employees could not be terminated for political reasons. As with the four employees addressed in part 2, defendants maintain they were not fired for political reasons but rather because their appointments were void. Again, this presents a *Mount Healthy* type of situation.

In sum, the order denying defendants qualified immunity from damages liability is reversed with respect to the First Amendment and due process claims of Olga Grigg, the former translator. It is affirmed with respect to the First Amendment claims of the four trust employees discussed in part 2, but is vacated for further consideration with respect to these four employees' due process claims. It is affirmed with respect to the 20 career employees discussed in part 3 of this opinion.