Richard **FELICIANO ANGULO, Plaintiff,**

v.

Honorable Hector **RIVERA CRUZ; Secretary of Justice of the Commonwealth of Puerto Rico, and Luis A. Feliciano Carreras, Defendants.**

Civ. No. 85–0658 (JP).

United States District Court, D. Puerto Rico.

Aug. 17, 1987.

Jesús Hernández Sánchez, Santurce, P.R., for plaintiff.

José A. Sánchez Alvarez, Ramirez & Ramirez, Hato Rey, P.R., for defendants.

## OPINION AND ORDER

PIERAS, District Judge.

Plaintiff Richard Feliciano Angulo brought this action for back pay, declaratory relief and injunctive relief pursuant to 42 U.S.C. § 1983. Plaintiff alleges a cause of action arising under the first and fourteenth amendments to the United States Constitution for his demotion from his trust position as Assistant Secretary for Administrative in the Department of Justice of the Commonwealth of Puerto Rico, to the career position of Executive Functionary V and his dismissal from this career position.

The matter is before the Court on defendants' Motion for Summary Judgment, and plaintiff's opposition thereto. A hearing was held on the matter and each party presented his respective contentions. In support of its motion, defendants argue they are entitled to qualified immunity from damages insofar as political affiliation is an appropriate requirement for the effective performance of the positions held by plaintiff. The two positions in question will be separately analyzed under the first and fourteenth amendments.

### I. *Assistant Secretary for Administration*

A review of the record reveals that the above position is classified as trust and confidence by the agency. On January 7, 1985, plaintiff was demoted to a career position as Executive Functionary V, and began to work on January 8, 1985. He was dismissed from that position by letter of the former Secretary of Justice dated June 10, 1985.

### a. *First Amendment*

The OP–16 job classification form indicates that the plaintiff assists and counsels the Secretary of Justice and the heads of the different divisions in the agency regarding the function of human and economic resources. As the head of Administration Division, plaintiff supervises administrative and fiscal matters, including personnel, budget, internal auditing, services, organization, and method. We find as a matter of law and in accordance with jurisprudence, that plaintiff's inherent duties are such that defendants could not have known or reasonably should have known that their conduct would violate clearly established first amendment rights held by plaintiff. *Branti v. Finkel*, 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980); *Rosario*

*Nevárez v. Torres Gaztambide,* 820 F.2d 525 (1st Cir.1987). Defendants are entitled to qualified immunity from damages and a dismissal of the claim for injunctive relief.

### b. *Fourteenth Amendment*

■ The defendant argues that plaintiff did not hold a property interest to continued employment. The due process clause of the fourteenth amendment guarantees public employees with a property interest in continued employment the right to an informal hearing prior to being discharged. *Brock v. Roadway Express,* —— U.S. ——, 107 S.Ct. 1740, 95 L.Ed.2d 239 (1987); *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 542, 105 S.Ct. 1487, 1493, 84 L.Ed.2d 494 (1985). A property interest is created by "existing rules or understandings that stem from an independent source such as state law." *Loudermill,* 470 U.S. at 538, 105 S.Ct. at 1491.

The local law governing the issue of the property right is the Puerto Rico Public Personnel Law, ("Act") 3 L.P.R.A. § 1301, *et seq.* The Act divides government employees into two categories, career employees and trust or confidential employees. 3 L.P.R.A. § 1349. Confidential employees are "those who intervene or collaborate substantially in the formulation of public policy, who advise directly or render direct services to the head of the agency ..." 3 L.P.R.A. § 1350. In contrast, career employees may only be dismissed for "good cause, after preferment of charges in writing." 3 L.P.R.A. § 1336(4) (Supp.1985). Confidential employees are "of free selection and removal." *Id.*

Under the Personnel Act, the Assistant Secretary is classified as a trust or confidence position. A trust employee does not possess a property interest to continued employment, and therefore is not entitled to due process protections prior to discharge. *Laureano-Agosto v. Garcia-Caraballo,* 731 F.2d 101, 103 (1st Cir.1984). Accordingly, because he has no rights to due process for the demotion, defendants are entitled to both qualified immunity from damages and a dismissal of the request for injunctive relief for violation of the fourteenth amendment. Accordingly, the defendants' motion for summary judgment against the claim for demotion from the position of Assistant Secretary of Administration for the Department of Justice is GRANTED, and that claim is hereby DISMISSED.

## II. *Executive Functionary V*

### a. *First Amendment*

■ Defendants argue that plaintiff's dismissal from this career position was for just cause, because his first appointment as an employee in the Justice Department was null and void insofar as he did not compete for this position. We note that the First Circuit has recently said that this defense presents a question of fact for the trier to decide. *Roure v. Hernández Colón,* 824 F.2d 139, 141 (1st Cir.1987). In other words, whether defendants would have terminated plaintiff regardless of his political affiliation is a question for the jury to decide. A question of fact exists whether defendants dismissed plaintiff because of his political affiliation, or whether his original appointment was void. *See, e.g., Mount Healthy City School Dist. v. Doyle,* 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977). Accordingly, the motion for summary judgment against the first amendment claim is DENIED.

### b. *Fourteenth Amendment*

■ A career employee maintains a property interest to continued employment under the Personnel Act. 3 L.P.R.A. § 1336(4) (Supp.1985); *see supra.* Defendant contends that it, by letter, offered plaintiff an opportunity to come before an informal administrative hearing and show cause why he should not be dismissed, or he would be dismissed within fifteen days; defendants argue this is full compliance with the due process requirements. Plaintiff contends that this offering was a sham and tainted with prejudice. We find in the record that there exists an issue of material fact regarding the safeguards provided in this hearing, and furthermore, whether the defendants implied with minimal due process requirements is a matter for feder-

al law. Accordingly, the motion for summary judgment against the due process claim is DENIED.

### III. *Conclusion*

The motion for summary judgment against the demotion from the position of Assistant Secretary is GRANTED, and that claim is DISMISSED. The motion for summary judgment against the claim for dismissal from the position of Executive Functionary V is DENIED. Accordingly, the trial in this case will proceed only on the dismissal from the position of Executive Functionary V.

The Clerk shall enter Partial Judgment accordingly.

IT IS SO ORDERED.