Victor **SANTIAGO–MATEO**, et al., **Plaintiffs—Appellees**,

v.

Miguel A. **CORDERO**, et al., **Defendants—Appellants**.

No. 96–1688.

United States Court of Appeals, First Circuit.

Heard March 5, 1997.

Decided March 20, 1997.

---

Jorge Rodríguez–Micheo, Hato Rey, PR, with whom Benicio Sánchez–La Costa and Goldman Antonetti & Córdova were on brief for appellants.

Carlos A. del Valle–Cruz for appellees.

Before TORRUELLA, Chief Judge, SELYA and STAHL, Circuit Judges.

TORRUELLA, Chief Judge.

Eight employees of the Puerto Rico Electric Power Authority ("PREPA") filed a section 1983 suit against PREPA and Miguel A. Cordero ("Cordero"), Executive Director of PREPA. *See* 42 U.S.C. § 1983. Plaintiffs-appellees allege that they were ·demoted from their positions as area engineers and assistant chief of supply, in violation of their First Amendment right to freedom of association, because of their political affiliation with the Popular Democratic Party (PDP). In June 1994, defendants-appellants filed a motion for summary judgment with respect to the seven plaintiffs who had been area engineers. The motion for summary judgment was premised on two different theories. First, it alleged that plaintiffs' First Amendment claim is without merit because political affiliation is an appropriate requirement for the position of area engineer. Second, it argued that codefendant Cordero is entitled to qualified immunity. Defendants' motion for summary judgment was denied by the district court on March 29, 1996. Defendants-appellants now appeal with respect to co-defendant Cordero's entitlement to summary judgment on qualified immunity grounds. Finding that we lack jurisdiction, we dismiss the appeal.

Public officials alleged to have committed civil rights violations are entitled to raise the defense of qualified immunity. The defense is not available, however, if the official's conduct violates a federal right that was clearly established at the time of the infringement. *See Harlow v. Fitzgerald,* 457 U.S. 800, 818–19, 102 S.Ct. 2727, 2738–39, 73 L.Ed.2d 396 (1982); *Stella v. Kelley,* 63 F.3d 71, 73 (1st Cir.1995).

Because the doctrine of qualified immunity is intended to shield government officials from trial as well as from damage awards, the defense may be asserted in a pretrial motion and, if that motion is rejected, immediate appellate review may be available. *See Siegert v. Gilley,* 500 U.S. 226, 232, 111 S.Ct. 1789, 1793, 114 L.Ed.2d 277 (1991); *Mitchell v. Forsyth,* 472 U.S. 511, 530, 105 S.Ct. 2806, 2817–18, 86 L.Ed.2d 411 (1985); *Guzmán–Rivera v. Rivera–Cruz,* 98 F.3d 664, 666–67 (1st Cir.1996); *Stella,* 63 F.3d at 73.

In *Johnson v. Jones,* —— U.S. ——, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995), the Supreme Court held that "a defendant, entitled to invoke a qualified-immunity defense, may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." *Id.* at ——, 115 S.Ct. at 2159. In *Johnson,* a plaintiff brought suit against five police officers, claiming that they had used excessive force in arresting him. The district court denied a motion for summary judgment based on qualified immunity, finding that there were issues of material fact sufficient to defeat summary judgment. The Seventh Circuit held that it lacked jurisdiction and dismissed the appeal. The Supreme Court granted

certiorari and held that no appellate jurisdiction exists where a defendant appeals a denial of summary judgment based on the grounds that there exist genuine issues of material fact. *Id.*

This court dealt with a similar issue in *Stella v. Kelly.* In *Stella*, former members of the Zoning Board of Appeals for the Town of Tewksbury, Massachusetts, alleged that they had been removed from the board as a result of votes they had cast while on the board. *Stella*, 63 F.3d at 72–73. The complaint consisted of two allegations—first, that their firing was the result of their voting patterns and, second, that this infringed a constitutionally protected free speech right. *Id.* This court noted that under *Johnson:*

> a district court's pretrial rejection of a proffered qualified immunity defense remains immediately appealable as a collateral order to the extent that it turns on a pure issue of law.... On the other hand, a district court's pretrial rejection of a qualified immunity defense is not immediately appealable to the extent that it turns on either an issue of fact or an issue perceived by the district court to be an issue of fact.

\*    \*    \*

> The bottom line, then, is simply this: a summary judgment order which determines that the pretrial record sets forth a genuine issue of fact, as distinguished from an order that determines whether certain given facts demonstrate, under clearly established law, a violation of some federally protected right, is not reviewable on demand.

*Id.* at 74.

The instant case is controlled by *Johnson* and *Stella.* The district court's Order denying the summary judgment motion reads, in part:

> Upon review of the parties' documents, this Court finds that defendants are not entitled to judgment as a matter of law. Defendants have not been able to establish the lack of a genuine issue of material fact regarding their discriminatory conduct towards plaintiffs.... [T]his Court believes that defendants' conduct towards plaintiffs,

if proven true, could constitute an actionable claim under § 1983.

Order of the District Court, March 29, 1996.

The Order leaves little doubt that the district court determined that "the pretrial record set[ ] forth a genuine issue of fact." *Stella*, 63 F.3d at 74. In light of *Johnson* and *Stella*, the district court's finding that there exist issues of material fact is sufficient for us to conclude that we lack appellate jurisdiction.

For the foregoing reasons, we *dismiss* the appeal.