Juan A. BERDECÍA–PÉREZ,
Plaintiff, Appellee,

v.

José ZAYAS–GREEN, et al.,
Defendants, Appellants.

No. 96–1490.

United States Court of Appeals,
First Circuit.

Submitted April 9, 1997.

Decided April 16, 1997.

Jose R. Perez–Hernandez and Pierluisi & Mayol–Bianchi on brief, San Juan, PR, for appellants.

Ramonita Dieppa–González and Puerto Rico Legal Services, Inc. on brief, San Juan, for appellee.

Before SELYA, Circuit Judge, BOWNES, Senior Circuit Judge, and STAHL, Circuit Judge.

SELYA, Circuit Judge.

Plaintiff-appellee Juan A. Berdecía–Pérez, an accountant, has worked for the Municipality of Barranquitas from 1978 to the present time. In the November 1992 elections, the New Progressive Party seized the reins of power in the municipal government. Shortly thereafter, the plaintiff was transferred to a different post (though his salary remained intact). In early 1994, however, the plaintiff's salary was slashed sharply. After unsuccessfully pursuing administrative remedies, he invoked 42 U.S.C. § 1983 (1994) and sued two top municipal officials. He alleged, *inter alia*, that, although political affiliation was not a suitable criterion for the job that he held, the defendants nonetheless cut his pay in retaliation for his active support of the Popular Democratic Party.

In due course, the defendants moved for *brevis* disposition on the ground that they were at least qualifiedly immune from the plaintiff's suit for damages. On February 26, 1996, the district court denied their motion in a cryptic, single-sentence order. The defendants then prosecuted this interlocutory appeal.

We need not tarry. To the extent that the appellants claim that their actions are insulated from First Amendment scrutiny as a matter of law because a reduction in the plaintiff's salary was necessitated by the

Uniform Compensation Act, P.R. Laws Ann. tit. 3, § 760 *et seq.* (1988 Supp.), the regulations thereunder, and the personnel regulations of the Municipality of Barranquitas, they are wrong—and they are wrong under federal law that was clearly established when they acted. *See, e.g., Rosario–Torres v. Hernandez–Colon,* 889 F.2d 314, 318 (1st Cir. 1989) (en banc); *Santiago–Negron v. Castro–Davila,* 865 F.2d 431, 433–34 (1st Cir.1989); *Roure v. Hernandez Colon,* 824 F.2d 139, 141–43 (1st Cir.1987) (per curiam). To the extent that the appellants claim that their actions are insulated from First Amendment scrutiny as a matter of fact because their only intention was to obey the law, the record presents an issue of fact as to their intent—an issue of the type that can no longer be resolved on interlocutory appeal. *See Johnson v. Jones,* —— U.S. ——, ——, 115 S.Ct. 2151, 2156, 132 L.Ed.2d 238 (1995); *Santiago–Mateo v. Cordero,* 109 F.3d 39, 40–41 (1st Cir.1997); *Stella v. Kelley,* 63 F.3d 71, 75 (1st Cir.1995). Either way, the instant appeal is an exercise in futility.[1]

*Appeal dismissed.*

---

1. The lack of specific findings by the lower court, while not fatal to its ruling on summary judgment, *see Domegan v. Fair,* 859 F.2d 1059, 1065–66 (1st Cir.1988), complicates the appellate task. Especially in light of the jurisdictional questions that attend the denial of summary judgment motions raising qualified immunity defenses, we urge the district courts, either by rescripts or bench decisions, to give us some indication of their reasoning.