UNITED STATES COURT OF APPEALS UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT FOR THE FIRST CIRCUIT



No. 96-1490

JUAN A. BERDEC A-P REZ,

Plaintiff, Appellee,

v.

JOS ZAYAS-GREEN, ET AL.,

Defendants, Appellants.



APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Carmen Consuelo Cerezo, U.S. District Judge] 



Before

Selya, Circuit Judge, 

Bownes, Senior Circuit Judge, 

and Stahl, Circuit Judge. 



Jose R. Perez-Hernandez and Pierluisi & Mayol-Bianchi on 
brief for appellants.
Ramonita Dieppa-Gonz lez and Puerto Rico Legal Services, 
Inc. on brief for appellee. 



April 16, 1997


SELYA, Circuit Judge. Plaintiff-appellee Juan A. SELYA, Circuit Judge. 

Berdec a-P rez, an accountant, has worked for the Municipality of

Barranquitas from 1978 to the present time. In the November 1992

elections, the New Progressive Party seized the reins of power in

the municipal government. Shortly thereafter, the plaintiff was

transferred to a different post (though his salary remained

intact). In early 1994, however, the plaintiff's salary was

slashed sharply. After unsuccessfully pursuing administrative

remedies, he invoked 42 U.S.C. 1983 (1994) and sued two top

municipal officials. He alleged, inter alia, that, although 

political affiliation was not a suitable criterion for the job

that he held, the defendants nonetheless cut his pay in

retaliation for his active support of the Popular Democratic

Party.

In due course, the defendants moved for brevis 

disposition on the ground that they were at least qualifiedly

immune from the plaintiff's suit for damages. On February 26,

1996, the district court denied their motion in a cryptic,

single-sentence order. The defendants then prosecuted this

interlocutory appeal.

We need not tarry. To the extent that the appellants

claim that their actions are insulated from First Amendment

scrutiny as a matter of law because a reduction in the

plaintiff's salary was necessitated by the Uniform Compensation

Act, P.R. Laws Ann. tit. 3, 760 et seq. (1988 Supp.), the 

regulations thereunder, and the personnel regulations of the

2

Municipality of Barranquitas, they are wrong and they are wrong

under federal law that was clearly established when they acted.

See, e.g., Rosario-Torres v. Hernandez-Colon, 889 F.2d 314, 318 

(1st Cir. 1989) (en banc); Santiago-Negron v. Castro-Davila, 865 

F.2d 431, 433-34 (1st Cir. 1989); Roure v. Hernandez Colon, 824 

F.2d 139, 141-43 (1st Cir. 1987) (per curiam). To the extent

that the appellants claim that their actions are insulated from

First Amendment scrutiny as a matter of fact because their only

intention was to obey the law, the record presents an issue of

fact as to their intent an issue of the type that can no longer

be resolved on interlocutory appeal. See Johnson v. Jones, 115 

S. Ct. 2151, 2156 (1995); Santiago-Mateo v. Cordero, F.3d 

, (1st Cir. 1997) [No. 96-1688, slip op. at 3-5]; Stella 

v. Kelley, 63 F.3d 71, 75 (1st Cir. 1995). Either way, the 

instant appeal is an exercise in futility.1

Appeal dismissed. Appeal dismissed. 

 

1The lack of specific findings by the lower court, while not
fatal to its ruling on summary judgment, see Domegan v. Fair, 859 
F.2d 1059, 1065-66 (1st Cir. 1988), complicates the appellate
task. Especially in light of the jurisdictional questions that
attend the denial of summary judgment motions raising qualified
immunity defenses, we urge the district courts, either by
rescripts or bench decisions, to give us some indication of their
reasoning.

3