279 N.J. Super. 104 (1995)
652 A.2d 227
RICHARD R. GRANZIEL, JR., PLAINTIFF-APPELLANT,
v.
CITY OF PLAINFIELD, A MUNICIPALITY OF THE STATE OF NEW JERSEY, AND RUBY HODGE, JOINTLY AND SEVERALLY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued December 14, 1994.
Decided January 31, 1995.
*106 Before Judges WALLACE and KLEINER.
Edward Kopelson argued the cause for appellant (Kopelson & Westreich, attorneys for appellant; Mr. Kopelson, of counsel and on the brief).
Siobhan A. Teare argued the cause for respondents (Weiner Lesniak, attorneys for respondent; Ms. Teare, of counsel and on the brief).
The opinion of the court was delivered by KLEINER, J.A.D.
In this opinion, we will analyze the Law Against Discrimination, N.J.S.A. 10:5-1 to -42 (LAD), and particularly, the equitable remedy of job reinstatement permitted in N.J.S.A. 10:5-17.
Plaintiff Richard R. Granziel, Jr. appeals from an order which denied his petition seeking his reinstatement to the position of Sanitary Inspector Trainee with defendant City of Plainfield. That order was entered at the completion of a nonjury trial which was conducted pursuant to a remand from this court in a prior unpublished opinion (A-5133-90T1, June 9, 1993). Prior to our remand, defendant abolished the position of Sanitary Inspector Trainee. The duties originally assigned to that position were thereafter assigned to the position designated Public Health Inspector. In our remand order, we directed the trial court to consider the feasibility of plaintiff's reinstatement. The trial court concluded that plaintiff was not entitled to reinstatement. We are constrained to reverse that judgment.

*107 I
Plaintiff was hired as a Sanitary Inspector Trainee by defendant on May 4, 1987. The New Jersey Department of Personnel describes a Sanitation Inspector as one who "[w]alks or rides in a vehicle in order to visually examine the condition of refuse...." A Sanitary Inspector is "required to possess a driver's license valid in New Jersey only if the operation of a vehicle, rather than employee mobility, is necessary to perform the essential duties of the position."
Plaintiff suffered an epileptic seizure while on the job on September 8, 1987. Plaintiff was subsequently placed on involuntary sick leave. On December 10, 1987, he was notified by the Department of Motor Vehicles that his driver's license would be suspended effective December 25, 1987. Plaintiff was terminated by defendant's City Administrator by letter dated January 6, 1988.
Plaintiff instituted suit against defendants alleging that he was unlawfully terminated from his employment on the basis of his epilepsy handicap. Plaintiff's complaint contained two counts. In count one, he alleged unlawful discrimination for the period from September 8, 1987 until December 25, 1987, in prohibiting him from work without a valid driver's license. In count two, he alleged unlawful discrimination from December 25, 1987, in failing to accommodate his handicap following notice of suspension of his driver's license. Plaintiff sought compensatory and punitive damages, attorney's fees and "whatever other relief the court deems equitable and just."
After a three day trial in February 1991, a jury awarded plaintiff $15,000 in compensatory damages for the period of involuntary leave from September until December 1987, and $60,000 in compensatory damages or "front pay" for the period after his December 1987 termination. The jury also awarded him $5,000 in punitive damages. Plaintiff's June 1991 post-trial motion for reinstatement was denied and plaintiff appealed.
*108 In our opinion on appeal, we concluded that reinstatement was an available remedy under the LAD. We stated:
One of the remedies available under N.J.S.A. 10:5-17 is reinstatement. Since reinstatement is an equitable remedy, the trial judge should decide whether reinstatement is feasible. Id. Nevertheless, we recognize that although reinstatement would avoid future lost earnings, reinstatement may not be feasible. There may be no position available at the time judgment is rendered and there may be other reasons that would make reinstatement an inappropriate remedy. In that case future damages would be appropriate.
.... We conclude that plaintiff's claim for reinstatement should be considered and decided by the trial judge. If reinstatement is ordered, a new trial as to damages is required.
After a one day nonjury trial, the trial court denied reinstatement and in a written opinion noted:
Now, there is presently no one filling the position of Sanitary Inspector Trainee. In fact, the position has been downgraded. This position calls for a person of lesser qualifications to perform this job. The reason given for the downgrade is understandable. There has been an elimination of the working relationship with North Plainfield to provide this inspection service as well as budgetary constraints. These factors, have been considered by the court, together with the problem of rehiring plaintiff and causing the innocent third party, Agnes Johnson's job to be placed in jeopardy. This court will not grant reinstatement. Plaintiff has already received damages from a jury for past loss of income as well as front pay for future loss of income.
Essentially, the trial court concluded that because the Sanitary Inspector Trainee position was downgraded and because an incumbent employee now held that downgraded position, plaintiff could not "bump" the incumbent from that job. We find that sufficient facts exist to demonstrate the feasibility of reinstatement of plaintiff to the position of Public Health Inspector.

II
Under the LAD, where feasible, reinstatement is an appropriate remedy. There are two prevailing methods to accomplish reinstatement: "bumping," which requires the displacement of an incumbent employee in order to place the wronged employee in a position to which he is entitled; and the "rightful place" theory, which requires the wronged employee to await the next job promotion, but compensates him financially at a higher salary for *109 that waiting period. This methodology permits retention of an incumbent employee. Franks v. Bowman Transp. Co., 424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d 444 (1976).
Although our courts have not had occasion to address the remedy of reinstatement for an employee terminated because of physical handicap, the Supreme Court has discussed employment discrimination remedies in the context of three public employees who suffered employment discrimination based on sex, contrary to N.J.S.A. 10:5-12(a). Terry v. Mercer County Bd. of Chosen Freeholders, 86 N.J. 141, 430 A.2d 194 (1981). In Terry, the Supreme Court reviewed the alternate employment discrimination remedies and concluded that three female employees were entitled to promotions previously denied them when those promotions became available. That decision avoided the need to "bump" incumbent employees who had received those promotions. Id. at 145, 430 A.2d 194. The Court also granted retroactive seniority to the three women, despite its effect on incumbent employees. Id. at 154-58, 430 A.2d 194. In so holding, the Court adopted the "rightful place" theory enunciated in Franks v. Bowman Transp. Co., supra.
The Terry Court noted that the LAD and its "make-whole" themes were consonant "in philosophy and result" with the line of federal cases which sustained awards of retroactive seniority. Id. at 156, 430 A.2d 194. "Foreclosing retroactive seniority would drastically subvert the Director's ability to hone or fine tune remedial relief to meet individual circumstances and to mobilize his unique discretion and expertise to effectuate fully the `make-whole' policy of the Law Against Discrimination." Id. at 157, 430 A.2d 194. The Court found that the remedial interest in making the wronged employee whole outweighed the countervailing interest of the incumbent employee, who acquired the promotion during the time of discrimination. Therefore, the Court affirmed the award of retroactive seniority benefits, despite the impact upon incumbent employees.
*110 Although Terry favored the "rightful place" theory in the context of an award of seniority benefits and promotion, plaintiff's claim is for reinstatement to a position he previously held prior to his discriminatory firing. Although the position of Sanitary Inspection Trainee no longer exists, the duties previously performed in that position have been subsumed in a lesser position. The feasibility of reinstatement is less complicated than promotion and award of seniority as in Terry. Utilizing the "bumping" theory to eradicate a prior discriminatory employment practice appears to be appropriate.

III
The "bumping" theory has been adopted by federal circuits to reinstate employees. For example, in Lander v. Lujan, 888 F.2d 153 (D.C. Cir.1989), the District of Columbia Circuit held that the "bumping" of innocent incumbents as a consequence of reinstatement was appropriate. The Lander court held that ordering defendant to "bump" a newly appointed top administrator, an incumbent employee, in order to promote plaintiff, who was previously promised the position, was entirely appropriate and consistent with the remedial goals of Title VII, the federal discrimination statute. Id. at 156. The court noted that Title VII contemplated reinstatement as the ideal remedy to make a plaintiff whole. Ibid. It also noted the "ready availability" of "bumping" in other contexts, pursuant to the National Labor Relations Act and with the Equal Employment Opportunity Commission. Id. at 157. "Furthermore, within the civil service system, where displaced incumbents presumably are assured reassignment, bumping is the presumed remedy for unlawful demotions or discharges." Ibid.
Significantly, the Lander court did not ignore the impact of "bumping" on incumbent employees:
[W]e see no indication in the statute nor in logic to lead us to conclude that ordinarily the innocent beneficiary has a superior equitable claim to the job vis-a-vis the victim of discrimination. Therefore, if the district court must choose between the two, we do not see how the court can be reversed for choosing *111 complete relief for the victim. In any event, the [rightful place] approach seems more suited to a situation where vacancies in the relevant jobs appear rather frequently, but not to a case such as ours where there is really one top administrative job in the Bureau.
[Id. at 157-58.]
Thus, the reinstatement of the wronged employee was deemed a priority in Lander, even at the expense of the incumbent employee.
We note that here plaintiff was a low-level employee in the civil service system. However, testimony at trial indicated that civil service jobs are scarce in Plainfield due to municipal budgetary constraints. Since plaintiff's termination in 1988, the Sanitary Inspector Trainee position and the Public Health Inspector position have each only been posted once. The trial court failed to consider these facts in reaching its decision which denied plaintiff's relief.
Several other circuits have adopted the "bumping" theory. See Brewer v. Muscle Shoals Bd. of Educ., 790 F.2d 1515, 1523-24 (11th Cir.1986) (approving promotion and finding that an incumbent employee would merely be transferred to another position). One court was undaunted by the existence of an incumbent employee who would be "bumped" by the employee victim's reinstatement:
If the existence of a replacement constituted a complete defense against reinstatement, then reinstatement could be effectively blocked in every case merely by hiring an innocent third party after the retaliatory purpose was achieved. Thus, the deterrent effect of the remedy of reinstatement would be rendered a nullity.... While reinstatement may displace an innocent employee, the "[e]nforcement of constitutional rights [may have] disturbing consequences. Relief is not restricted to that which would be pleasing and free of irritation."
[Jackson v. City of Albuquerque, 890 F.2d 225, 233-34 (10th Cir.1989) (quoting Sterzing v. Fort Bend Ind. School Dist., 496 F.2d 92, 93 (5th Cir.1974)).]
Those courts which have adopted the "bumping" theory properly note the unfairness to the incumbent employee, but place a greater significance on the remedy for the wronged employee. The second, the "rightful place" theory, strikes a different balance.
In Spagnuolo v. Whirlpool Corp., 717 F.2d 114 (4th Cir.1983), the court considered both theories. The court selected the "rightful *112 place" theory, noting: "the injured employees will be given full seniority rights and permitted to obtain the next available vacancy by means of that seniority, and will in the interim period be awarded back pay to compensate for lost earnings." Id. at 121. The court preferred this theory over "bumping" for several reasons:
First, there would be resistance from, and a sense of unfairness to, incumbent whites who had not themselves engaged in discrimination and who had settled expectations in their jobs. Second, the bumping might well require bumping of other black employees. Third, wholesale bumping orders would disrupt the business's operations and would excessively entangle the district court in the operations of the business. Finally, an alternative remedy of back pay was available to complement the rightful place theory of filling vacancies.
[Patterson v. American Tobacco Co., 535 F.2d 257 (4th Cir.), cert. denied, 429 U.S. 920, 97 S.Ct. 314, 50 L.Ed.2d 286 (1976) (discussed in Spagnuolo, supra, 717 F.2d at 120).]
The Fourth Circuit rejected the notion of "bumping" incumbent workers out of fairness and administrative concerns. The "rightful place" theory seeks to accommodate the interests of both the wronged employee and the incumbent employee by compensating the wronged employee's right to a position monetarily should he be required to wait for the next available opening.
The "rightful place" theory is inappropriate in the context of this case primarily because plaintiff was terminated. He is not gainfully employed. In those cases where the "rightful place" theory was utilized, the wronged employed had the benefit of continued employment and job security, and thus it was not improper to require him to await promotion or seniority rights upon the occurrence of the next job opening. Bumping permits a more immediate method to vindicate a discriminatory practice. In view of plaintiff's lack of current employment it appears, equitably, as the most appropriate method of remediation.

IV
Because of the peculiar factual circumstances of this case, we hold that plaintiff is entitled to reinstatement as a Public Health Inspector with defendant City of Plainfield, even if an *113 incumbent employee must be displaced. Plaintiff has actively asserted his interest in reinstatement, and reinstatement is a feasible remedy for the discrimination against him. Additionally, plaintiff, having been qualified for the higher position of Sanitary Inspection Trainee, is qualified to perform the lesser job of Public Health Inspector.
We note that plaintiff was terminated in early 1988. After recovering a verdict against defendant, plaintiff filed a post-judgment motion for reinstatement in June 1991. That motion was denied. Defendant posted the position of Sanitary Inspector Trainee in a Plainfield Job Opportunity Bulletin from July 12 to 18, 1991. It would have been feasible to rehire plaintiff at that time. On July 18, 1991, despite the prior posting of the position of Sanitary Inspector Trainee, the position was abolished, and the duties were assigned to a downgraded title of Public Health Inspector. We conceive it was feasible to hire plaintiff for that position at that time.
On August 27, 1991, plaintiff moved before this court seeking emergent relief to prevent defendant from hiring another person as Public Health Inspector. That emergent relief was denied. Plaintiff then moved for summary disposition of this appeal, which was denied on November 18, 1991. Defendant did not hire a Public Health Inspector until 1992. In the context of this case, we conclude that the utilization of "bumping" to reemploy plaintiff as a Public Health Inspector is completely justified. Additionally, defendant has not demonstrated reasons why immediate reemployment is not an appropriate remedy.
The order of the trial court denying reinstatement is reversed. Plaintiff shall be reinstated, but to the lesser position of Public Health Inspector. In accordance with our prior opinion, the matter is remanded to the trial court for a new trial on damages on count two of plaintiff's complaint, and for appropriate proceedings as may be required to implement this opinion.